Z. Faye PHILLIPS, Plaintiff–Appellant,

v.

**F.W. WOOLWORTH COMPANY**
**and Eastgate Center, Inc.,**
**Defendants–Appellees.**

Court of Appeals of Tennessee,
Eastern Section.

Nov. 10, 1992.

Permission to Appeal Denied by
Supreme Court Feb. 22, 1993.

Joe Timberlake, Chattanooga, for plaintiff-appellant.

Thomas Lequire, Chattanooga, for defendants-appellees.

## OPINION

McMURRAY, Judge.

This is a premises liability action. A jury returned a verdict in favor of the defendants and a judgment was duly entered thereon. The plaintiff appeals. For reasons hereinafter stated, we affirm the judgment of the trial court.

The plaintiff, Ms. Phillips, worked at the Penney's Store in Eastgate Mall. On the day of the accident, she was to meet her husband for lunch at Woolworths. After entering Woolworths and as she turned to go towards the restaurant area of the store, she fell. At the time, she indicated that she was not injured but only embarrassed. She had lunch with her husband and returned to work. The following week she realized that she had been injured in the fall. Subsequently, she began this action to recover damages for her injuries. She asserts that she caught her heel in a rubber reducer strip that Woolworths had placed over a joint in the flooring.

During the course of the trial, the trial judge refused to allow into evidence certain photographs that had been made by the plaintiff's husband some two weeks after the accident. The defendants objected to the photographs on the grounds that they were not an accurate representation of the floor at the time of the accident and, further, they showed a subsequent repair. The plaintiff insisted that the photographs were intended merely to impeach a defense witness in his description of the floor and to show the structure of the floor.

Additionally, at trial, Ms. Phillips called as her witness one Louise Collins. Ms. Collins had been working at the cash register when the accident occurred. She did not see the accident. During the taking of her discovery deposition, Ms. Collins stated that on the day of the accident, Mr. Smith, the assistant store manager, told her (Ms. Collins) that Ms. Phillips told him (Mr. Smith) that she (Ms. Phillips) had fallen because of the rubber reducer strip. At the trial, Ms. Collins stated that she could remember neither what was said to her on the day of the accident, nor what she had said in her deposition. Counsel for Ms. Phillips attempted to refresh Ms. Collins memory by using her deposition but was unsuccessful. Then counsel began to ask leading questions using her deposition. Counsel for the defendants objected to counsel's cross-examination of his own witness and the court sustained the objection. The court also refused to allow counsel for Ms. Phillips to read Ms. Collins deposition into evidence.

Generally stated, Ms. Phillips' issues presented for our consideration are as follows:

1. Did the trial court commit error in excluding from evidence the photographs made by Mr. Phillips?

2. Did the trial court commit error in refusing to allow her to read into evidence portions of Ms. Collins' deposition?

3. Did the trial court commit error in refusing to allow plaintiff to question Louise Collins or otherwise refresh her

memory concerning statements made therein?

We will first discuss the exclusion of the photographs. It is elementary that relevant evidence is admissible unless otherwise provided. *See* Rule 402, Tennessee Rules of Evidence. Rule 401, Tennessee Rules of Evidence, defines relevant evidence as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." While photographs are commonly used as proof, they must satisfy the relevance requirement in order to be admitted into evidence. N. Cohen, D. Paine & S. Sheppeard, *Tennessee Law of Evidence*, § 401.10 (2 ed. 1990). It must be determined by the trial court that the photographs will assist the trier of fact, and the photographs must be a true and accurate depiction of their subject matter. Additionally, the trial judge is given great discretion in determining whether a photograph is admissible into evidence. *id.*

The photographs which the plaintiff sought to have admitted into evidence were taken approximately two weeks after the accident. The parties agree that the photographs did not accurately depict the accident scene at the time of the accident. Photographs which do not accurately depict the scene are not relevant and are not admissible. With regard to the impeachment issue, plaintiff's counsel attempted to demonstrate with the photograph that the testimony of Mr. Smith regarding his description of the floor was erroneous. Our scrutiny of the photographs convinces us that their admission would have added little, if anything, to the plaintiff's case. We are unwilling to state that the exclusion of the photographs more probably than not affected the outcome of the case. *See* Rule 36, Tennessee Rules of Appellate Procedure. In view of the foregoing find it unnecessary to address the issue of "subsequent repair." We find no merit in this issue.

We next turn our attention to the action of the trial court relating to the witness, Ms. Collins. Firstly, we note that Ms. Collins was called as a witness by the plaintiff. The plaintiff asserts that because the witness was supervisor of personnel she should have been permitted to read her deposition into evidence. The mere showing that Ms. Collins was "Supervisor of Personnel" is insufficient to support a finding that Ms. Collins was an officer, director, or managing agent of the defendants or otherwise a person whose deposition could be read as evidence pursuant to Rule 32, Tennessee Rules of Civil Procedure. Therefore, the action of the trial court in refusing to allow the deposition to be read by the plaintiff was proper. Secondly, there was no showing that the witness was a hostile witness as that term is used in Rule 611, Tennessee Rules of Evidence (formerly found in Rule 43.02, T.R.C.P.). Hence, there was no error in refusing to allow the plaintiff to interrogate the witness by leading questions. We find no merit in this issue.

Lastly, the plaintiff complains that she was not allowed to refresh the memory of Ms. Collins regarding her deposition testimony. The plaintiff undertook to refresh Ms. Collins' memory by reading aloud and before the jury certain questions propounded to Ms. Collins and her answers thereto. The trial court sustained an objection by the defendants. We find the action of the trial court to be proper. The course of action by the plaintiff was inappropriate as a method of refreshing Ms. Collins' memory. The proper method to refresh the memory of a witness is stated in the Advisory Commission's comment to Rule 612, Tennessee Rules of Evidence:

> Only if a witness's memory requires refreshing should a writing be used by the witness. The direct examiner should lay a foundation for necessity, show the witness the writing, take back the writing, and ask the witness to testify from refreshed memory.

While the plaintiff did lay the necessary foundation, she, through counsel, failed to go further and display the writing to the witness. Rather, she chose to read the questions and answers to the witness as if she was being asked for impeachment purposes. Therefore, we find no merit in this issue.

We affirm the judgment of the trial court in all things. Costs of this appeal are taxed to the appellant and this case is remanded to the trial court.

SANDERS, P.J. (E.S.), and GODDARD, J., concur.