NO. 12-01-00122-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


EVEREST ELLIS,
§
 APPEAL FROM THE 174TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HARRIS COUNTY, TEXAS

 

PER CURIAM


 A jury convicted Everest Ellis ("Appellant") of aggravated promotion of prostitution and
assessed punishment at eight years of imprisonment, probated for eight years, and a $5,000 fine. In
one issue, Appellant contends that the evidence was legally insufficient to support his conviction. 
We affirm.


Background 


 Members of the Vice Department of the Houston Police Department began an investigation
of Appellant's escort agency when they learned that the agency was composed of thirteen different
business entities operated from one location. The purpose of the investigation was to determine
whether the escort agency was providing prostitution services. At some point in the investigation,
the police obtained a search warrant for Appellant's residence. When the officers executed the
warrant, they seized a number of items including condoms, credit card receipts, "employment"
agreements, and call lists. Appellant was arrested and charged by indictment with aggravated
promotion of prostitution, which is a third degree felony. Tex. Pen. Code Ann. § 43.04 (Vernon
1994). 

 Appellant entered a plea of not guilty, and the case was tried before a jury. The jury found
Appellant guilty, sentenced him to eight years of imprisonment, probated for eight years, and
assessed a $5,000 fine. This appeal followed. Appellant argues in one issue that the evidence was
legally insufficient to support his conviction.


Standard of Review


 The standard of review for legal sufficiency of the evidence is whether, viewing the evidence
in the light most favorable to the jury's verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Whitaker v. State, 977 S.W.2d 595, 598 (Tex.
Crim. App. 1998). An appellate court should uphold the jury's verdict "unless it is found to be
irrational or unsupported by more than a mere modicum of evidence." Moreno v. State, 755 S.W.2d
866, 867 (Tex. Crim. App. 1988). All conflicts in the evidence should be resolved in favor of the
verdict and every reasonable inference indulged. Sneed v. State, 803 S.W.2d 833, 837 (Tex.
App.--Dallas 1991, pet. ref'd). The jury is the exclusive judge of the credibility of the witnesses
and of the weight to be given their testimony. Barnes v. State, 867 S.W.2d 316, 321 (Tex. Crim.
App. 1994). As such, the jury may resolve conflicts in the evidence, accept one version of the facts
over another, disbelieve a party's evidence, and resolve any inconsistencies in favor of either party. 
McIntosh v. State, 855 S.W.2d 753, 763 (Tex. Crim. App. 1993).


 Legal Sufficiency of the Evidence


 A person commits aggravated promotion of prostitution if he (1) knowingly (2) owns, invests
in, finances, controls, supervises, or manages (3) a prostitution enterprise (4) that uses two or more
prostitutes. Tex. Pen. Code Ann. § 43.04(a) (Vernon 1994). In addition to the statutory elements
of the offense, the indictment in the case at hand also alleged that the prostitutes employed by
Appellant included Amanda Soderstrom ("Soderstrom") and Diane Todd ("Todd"). The State was
not required to allege the names of the prostitutes in the indictment. When alleged, however, the
names are considered descriptive of that which is legally essential to the charges of the crime and
cannot be disregarded as surplusage. Therefore, the State was required to prove not only the
statutory elements alleged, but also that Soderstrom and Todd were prostitutes. McCall v. State, 780
S.W.2d 855, 857 (Tex. App.--Houston [14th Dist.] 1989, pet. ref'd).

 At trial, Soderstrom and Todd both testified that they had been previously employed by
Appellant as prostitutes. Soderstrom testified that she worked for Appellant until July 21, 1998, but
Todd did not specify the exact date on which her employment terminated. Appellant does not
dispute the testimony of Soderstrom and Todd, but argues that the State was required to prove
Soderstrom and Todd worked for Appellant at the same time. However, Appellant cites no authority
for the proposition on which he relies. 

 As previously stated, alleging the names of prostitutes in the indictment imposes a
requirement that the State prove those individuals were prostitutes. McCall, 780 S.W.2d at 857. 
The State introduced direct evidence of that fact and also showed that the entities operated by
Appellant constituted an ongoing prostitution enterprise that used more than two prostitutes. Neither
the law nor the plain language of the indictment requires the State to prove that the prostitutes who
were specifically named in the indictment were employed at the same time. Accordingly,
Appellant's sole issue is overruled.

 Even if Appellant is correct in his assertion, however, we find legally sufficient evidence in
the record to establish that Appellant employed Soderstrom and Todd concurrently. From our review
of the record, we note that Marcy Tennison ("Tennison"), a defense witness, gave the following
testimony on direct examination:



 Do you know persons by the name of Amanda Soderstrom and Diane Todd?



 Yes.



 At some point in time, were both of these women employees of the escort service?



 Yes.



We believe the jury could have reasonably interpreted Tennison's comments to mean that
Soderstrom and Todd worked for Appellant at the same time.

 We also note that Todd testified she, her boyfriend, and her three children came to Houston
in May of 1998 to visit her boyfriend's daughter. According to Todd, they stayed longer than
planned and began to run out of money, which prompted Todd to call several escort agencies in an
effort to make some "fast cash" for their living expenses. As a result of her calls, Todd began
working as a prostitute for Top Ten of Texas, which was one of the entities operated by Appellant. 
Todd testified that she did not know the exact date she stopped working for Appellant, but that she
worked for him three or four months. 

 On cross-examination, Todd testified provided the following additional information:


 Q: You got arrested when?



 I think it was September. I'm not sure when I was arrested. That was right there towards the
end of it.


 

 . . . .

 


 Did you go to jail?


 


 I was in there for two days, yes.


 . . . .


 Now, prior to the time when you were arrested and incarcerated you say you stayed with the
defendant a week and a half, I think?


 


 Uh-huh.


 


 When was that?


 

 . . . .



 It was when I got out of jail to the time I left.




 From that testimony, the jury could reasonably have concluded that Todd was arrested not
later than the last day of September. The jury could then have determined the date Todd stopped
working for Appellant by using September 30 as a starting point and adding the number of days she
estimated she remained in Houston after her arrest. From that calculation and Todd's prior testimony
that she worked for Appellant three or four months, the jury could have reasonably concluded that
Todd was working for Appellant on July 21, 1998 when Soderstrom left Appellant's employment. 
We believe Todd's testimony, particularly when considered in conjunction with the testimony of
Tennison, supports a conclusion that Soderstrom and Todd worked for Appellant at the same time. 
Consequently, we hold that the evidence was legally sufficient to support Appellant's conviction for
aggravated promotion of prostitution. Appellant's sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.


Opinion delivered March 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.







































(DO NOT PUBLISH)