**Christopher Paul SCHIELACK,
Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 14–97–0837–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 29, 1999.

Rehearing Overruled June 10, 1999.

Gerald K. Payte, Winston E. Cochran, Jr., Houston, for appellants.

Eric Kugler, Houston, for appellees.

Panel consists of Justices HUDSON, DRAUGHN, and LEE.[1]

## O P I N I O N

JOE L. DRAUGHN, Justice (Assigned).

Appellant, Christopher Paul Schielack, appeals his conviction of intoxicated manslaughter. After appellant pleaded nolo contendre, the jury found him guilty and assessed his punishment at twelve years confinement with a $10,000 fine. Appellant brings three points of error on appeal. In point of error one, appellant claims that the trial court erred in admitting a photograph of the decedent taken at the scene of the accident. In point of error two, appellant claims that the trial court erred in excluding testimony regarding prison conditions. In point of error three, appellant asserts that the evidence was insufficient to support the affirmative finding of use of a deadly weapon. We affirm.

### Background

While driving down F.M.1960 in his pickup truck, appellant bumped into a car sitting at an intersection. Appellant put his car in reverse and then drove onto the median to get around the car. At the next intersection, an ambulance was stopped. Appellant swerved back and forth between lanes and then hit the rear of the ambulance. He continued past the ambulance and crashed into the rear of Mindy Mitchell's two-door Chevy Cavalier. The impact sent the rear of the Cavalier into the air. The front of her car slid underneath the vehicle that was in front of her. There was no sound of screeching tires, and no brake lights were seen on appellant's truck before impact.

Mindy Mitchell felt the airbag slam into her, and she heard Shari Baldwin crying next to her in the passenger seat. But, she did not hear Jennifer Smith in the backseat. She looked back and saw that Jennifer Smith's head was pinned between the rear dashboard and the roof of the car. Mitchell tried, but she could not get out of the car. It took thirty minutes to cut the roof off of the car using the jaws of life machine. Jennifer Smith died at the scene.

Appellant's truck stalled as a result of the collision. He attempted to restart his truck several times before a paramedic took his keys. Appellant's speech was slurred, he did not seem coherent, and he smelled strongly of alcohol. There were several beer cans in appellant's truck. After it was determined that Smith had died, appellant was arrested and taken for a blood test which confirmed that he had a

1. The Honorable Joe L. Draughn and Norman R. Lee Senior Justices sitting by assignment.

0.21 blood alcohol level. Smith died as a result of a severe fracture extending from the front to the rear along the base of her skull.

### Discussion

In his first point of error, appellant contends that the trial court erred in admitting a photograph of the decedent into evidence. Appellant asserts that the photograph was not relevant and the probative value was outweighed by the prejudicial effect. The photograph, taken at the scene of the accident, depicted Jennifer Smith's lifeless body in the backseat of the car. The roof of the car had been cut off in the attempt to rescue her.

■ The admissibility of a photograph is within the sound discretion of the trial judge, who determines whether the exhibit serves a proper purpose in the enlightenment of the jury. *Burdine v. State*, 719 S.W.2d 309, 316 (Tex.Crim.App. 1986). The Court of Criminal Appeals has held photographs admissible if verbal testimony as to matters depicted in the photographs is also admissible. *See id.; Rogers v. State*, 774 S.W.2d 247, 258 (Tex.Crim. App.1989). The trial court abuses its discretion only when the probative value of the photograph is small and its inflammatory potential great. *See Burdine*, 719 S.W.2d at 316. Testimony describing the wounds the victim received and the general condition of the body at the time it was discovered by police is admissible evidence; thus, pictures portraying the same are also admissible unless their probative value is outweighed by any prejudicial effect. *See Ramirez v. State*, 815 S.W.2d 636, 646–647 (Tex.Crim.App.1991). Because it was a single photograph which depicted the wounds inflicted upon the victim, the location and position in which she was discovered, and was the subject of testimony at trial, its probative value is not outweighed by the possible prejudicial effect. *See Jones v. State*, 843 S.W.2d 487, 500 (Tex.Crim.App.1992). We find that the trial judge did not abuse his discretion

in admitting this photo. Point of error one is overruled.

In point of error two, appellant contends that the trial court erred in excluding testimony regarding current prison conditions during the punishment phase of trial. Appellant attempted to introduce testimony of a former prisoner as to that prisoner's experience in prison. The court refused to allow this testimony on grounds of relevance, and appellant made an offer of proof outside of the presence of the jury. The former prisoner testified that there were racially segregated gangs and violence inside the prison.

■ According to Texas Code of Criminal Procedure article 37.07 § 3(a), evidence may be offered by the State and defendant as to any matter that the trial court deems relevant to sentencing. We leave questions of relevance largely to the trial court, relying on its own observations and experience, and do not reverse absent an abuse of discretion. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim. App.1990) (opinion on rehearing). In reviewing a trial court's relevancy decision under the abuse of discretion standard, as long as the trial court's ruling was at least within the "zone of reasonable disagreement," we will not intercede. *Id.*

■ The Court of Criminal Appeals explained that admissibility of evidence at the punishment phase of a non-capital felony offense is a function of policy rather than relevancy. *See Miller–El v. State*, 782 S.W.2d 892, 895 (Tex.Crim.App.1990). Evidence admitted to inform the punishment decision is not a question of logical relevance since there are no distinct facts of consequence to be determined; the issue is one of policy. *Id.* at 896. In the policy gap left by the Legislature, the Court of Criminal Appeals has held evidence of the circumstances of the offense itself or the defendant himself to be admissible at the punishment phase. *See Stiehl v. State*, 585 S.W.2d 716, 718 (Tex.Crim. App.1979). In the present case, the testi-

mony which appellant sought to introduce was neither. In fact, the testimony consisted of another person's experiences in prison. There is no evidence that appellant's experience would be the same. As such, we believe that the trial court's decision to exclude this testimony was at least within the zone of reasonable disagreement; therefore, the trial court did not abuse its discretion. Point of error two is overruled.

 In point of error three, appellant claims that the evidence is insufficient to support the affirmative finding of the use of a deadly weapon. The Texas Penal Code defines a deadly weapon as: "(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PEN.CODE ANN. § 1.07(a)(17) (Vernon 1998). The Court of Criminal Appeals has ruled that a "motor vehicle, which is actually used to cause the death of a human being, is a deadly weapon." *Tyra v. State*, 897 S.W.2d 796, 798 (Tex.Crim.App.1995). The Court has further held that *intent* to use the automobile as a weapon did not need to be shown in order to prove use of it as a deadly weapon. *See Walker v. State*, 897 S.W.2d 812, 814 (Tex.Crim.App.1995).

There was sufficient testimony at trial that appellant's pickup truck caused the death of decedent. The coroner testified that decedent died as a result of a fractured skull she received when she was a passenger involved in a motor vehicle accident. He further testified that her injuries were consistent with the testimony that appellant's truck hit the back of the car in which the decedent was sitting, while the truck was traveling at 55 miles per hour. Based on this evidence, we find that there was sufficient evidence to support the affirmative finding of use of a deadly weapon. Point of error three is overruled.

Accordingly, we affirm the judgment of the trial court.