In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00116-CR

                                                ______________________________

 

 

                                AMBER DAWN HOSELTON,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 6th Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 22791

 

                                                            
                                      

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            Amber
Dawn Hoselton pled guilty to indecency with a child.  A bench trial on punishment resulted in ten
years’ imprisonment in the Texas Department of Criminal Justice–Institutional
Division with a recommendation that Hoselton be placed in the sex offender
rehabilitation program.  On appeal,
Hoselton argues the trial court erred in:  1) quashing her subpoena of the district
attorney; 2) failing to disqualify the entire office due to the district
attorney’s prior representation of her stepfather; 3) excluding her stepfather’s
testimony regarding his experience in community supervision; and 4) striking
her expert’s testimony for failing to comply with court orders.  We affirm. 

I.          Quashing Hoselton’s
Subpoena of the District Attorney

            Hoselton
argues that the trial court’s action in quashing the subpoena of district
attorney Gary Young denied her the constitutional right of compulsory
process.  A claim that the trial court
improperly quashed a subpoena is reviewed for an abuse of discretion.  Moore
v. State, 109 S.W.3d 537, 543 (Tex. App.––Tyler 2001, pet. denied); Muennink v. State, 933 S.W.2d 677, 684
(Tex. App.––San Antonio 1996, pet. ref’d).

            Criminal
defendants have a right to compulsory process for obtaining witnesses.  U.S.
Const. amend. VI; Tex. Const.
art. I, § 10.  This right “is in plain
terms the right to present a defense, the right to present the defendant’s
version of the facts as well as the prosecution’s to the jury so it may decide
where the truth lies.”  Sparkman v. State, 997 S.W.2d 660, 666–67
(Tex. App.––Texarkana 1999, no pet.) (quoting Coleman v. State, 966 S.W.2d 525, 527 (Tex. Crim. App. 1998) (finding
no error in trial court’s action quashing subpoena of district attorney)).  However, the right is not absolute and “does
not guarantee the right to secure the attendance and testimony of any and all
witnesses.”  Id. at 667.  In order to
exercise the right of compulsory process, the defendant must make a plausible
showing to the trial court that the witness’ testimony would be both material
and favorable to the defense.  Coleman, 966 S.W.2d at 527–28.  “Where the burden of showing materiality and
favorableness is not placed on the defendant, ‘frivolous and annoying requests
[c]ould make the trial endless and unduly burdensome on the Court and all
officers thereof.’”  Sparkman, 997 S.W.2d at
667 (quoting Coleman, 966 S.W.2d at
528). 

            Young
previously represented Hoselton’s stepfather on indecency charges in which she
was the victim.  As a result, her stepfather
was placed on community supervision and was required to complete a sex offender
treatment program overseen by Dr. Joan Ondrovik.  At the hearing on the motion to quash,
Hoselton sought to call Young to testify “in mitigation” about all of the rules
and regulations concerning treatment of sexual offenders.  She explained that Young had “firsthand
knowledge of all the hoops” her stepfather had to go through.  The trial court decided that this type of
testimony was not relevant to Hoselton’s case and that other witnesses could be
procured to testify to the general regulations persons placed in sex offender
treatment programs are required to undergo. 
The court suggested the evidence be offered through Hoselton’s
designated witnesses Ondrovik or Luke Luttrell, who worked for Lamar County
Adult Community Supervision, the department which set such rules.  

            The
hearing on punishment was tried to the judge, who assured Hoselton’s counsel he
was familiar with the terms and conditions of sex offender community
supervision.  A trial judge may not place
any person convicted of indecency of a child on traditional community
supervision.  Tex. Code Crim. Proc. Ann. art. 42.12, § 3g (Vernon Supp.
2009).  The trial court may defer
adjudication of guilt and place a defendant on community supervision for this
offense only if the trial court determines that such placement is in the best
interest of the victim.  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(a) (Vernon Supp. 2009).  Thus, Young’s
“firsthand knowledge of all the hoops” involved in sex offender community
supervision had no bearing on whether placing Hoselton on deferred adjudication
community supervision would be in the victim’s best interest.  The reality of the situation is this:  Hoselton had pled guilty to this offense and
was attempting to obtain a community supervision sentence; the district attorney
elected to try the case rather than recommend such a sentence to the
court.  Under these circumstances, we do
not believe the trial court abused its discretion in concluding that Young’s
testimony would not be material or beneficial to Hoselton.  

            We
find the trial court did not abuse its discretion in quashing the subpoena of
the district attorney.  Hoselton’s first
point of error is overruled.    

II.        Denial
of Motion to Disqualify the District Attorney’s Office 

            Hoselton also sought “to disqualify
the Lamar County attorney’s office from prosecution in this case, for the
reason being that we do intend to call [the stepfather] as a witness in this
case.”  The motion was supported only by
the fact that Young had represented the stepfather and had particular knowledge
of Hoselton as a victim in that case.  We
review the trial court’s decision in denying the disqualification for abuse of
discretion.  Landers v. State, 256 S.W.3d 295, 303 (Tex. Crim. App. 2008).  

            Hoselton
points this Court to the Texas Disciplinary Rules of Professional Conduct and
suggests a conflict of interest exists. 
Rule 1.09(a)(3), entitled conflict of interest, states: “[w]ithout prior
consent, a lawyer who personally has formerly represented a client in a matter
shall not thereafter represent another person in a matter adverse to the former
client.”  Tex. Disciplinary R. Prof’l Conduct 1.09(a)(3).  Since Hoselton was never Young’s client, this
rule is inapplicable.[1]  Further, the Texas Court of Criminal Appeals
has held that a “trial court ‘is without legal authority’ to disqualify an
elected district attorney solely on the basis of a violation of the Texas
Disciplinary Rules of Professional Conduct.” 
Landers, 256 S.W.3d at 306
(quoting Eidson, 793 S.W.2d at 6–7; In re
State ex rel. Young, 236 S.W.3d 207, 213 (Tex. Crim. App. 2007)).[2]


            The
Texas Court of Criminal Appeals has set a very high standard for the
disqualification of an elected attorney. 
“A trial court may not disqualify a district attorney or his staff on
the basis of a conflict of interest that does not rise to the level of a due
process violation.”  Fluellen v. State, 104 S.W.3d 152, 161 (Tex. App.––Texarkana 2003,
no pet.) (citing Pirtle, 887 S.W.2d
at 927; Edwards, 793 S.W.2d at
6).  Such a violation requires “actual
prejudice” to the defendant, not just the threat of prejudice.  Actual prejudice may occur if:

            1.         The prosecuting attorney has previously
personally represented the defendant in a substantially related matter; and 

            2.         The prosecuting attorney obtained
confidential information by virtue of that prior representation which was used
to the defendant’s disadvantage.  Landers, 256 S.W.3d at 305.  

            We
cannot find that Hoselton suffered actual prejudice, so it follows that the
trial court did not abuse its discretion in denying the motion to disqualify.  Accordingly, we overrule this point of error. 

III.       Prohibiting Hoselton’s
Stepfather from Testifying 

            Hoselton
attempted to call the stepfather “to give a layperson’s opinion as to the
program, what he had to go through in regard to the program and the affect that
it can have on a person’s life.”  The
court sustained the State’s objection to relevance of the testimony.  It emphasized “we’re not sitting here trying
whether this sex treatment program -- sex offender program is good, bad, how it’s
been in the past, how it’s going to be in the future.  We’re here to set punishment on this
defendant.”  

            The
trial court is the sole arbiter on the threshold question of what constitutes
relevant evidence during the punishment phase of a trial.  Mitchell
v. State, 931 S.W.2d 950, 952 (Tex. Crim. App. 1996).  Its decision is reviewed under an abuse of
discretion standard.  Id.; Reed
v. State, 48 S.W.3d 856, 859 (Tex. App.––Texarkana 2001, pet. ref’d).  In the context of punishment, relevant
evidence is that which helps a fact-finder “tailor the sentence to the
particular offense” and “tailor the sentence to the particular defendant.”  Rogers
v. State, 991 S.W.2d 262, 265 (Tex. Crim. App. 1999).  

            This
case is similar to that of Schultze v.
State, 177 S.W.3d 26, 41 (Tex. App.––Houston [1st Dist.] 2005, pet. ref’d), and Schielack
v. State, 992 S.W.2d 639, 641–42 (Tex. App.––Houston [14th Dist.] 1999,
pet. ref’d).  The trial court in both
cases held that the defendant could not offer testimony from a third party
about that person’s experiences in prison. 
Schultze, 177 S.W.3d at 42; Schielack, 992 S.W.2d at 642.  The
courts reasoned such information would be irrelevant since there was no
evidence the defendants’ experiences would be the same as the third party’s.  Schultze,
177 S.W.3d at 42; Schielack, 992 S.W.2d at 642.  Similarly, there was no evidence in this case
that Hoselton’s stepfather’s experience in the sex offender treatment program
would be the same as her experience.  As
stated in Schultze and Schielack, “we believe that the trial
court’s decision to exclude this testimony was at least within the zone of
reasonable disagreement.”  Schultze, 177 S.W.3d at 42–43 (quoting Schielack, 992 S.W.2d at 642–43).  Likewise, we do not find the trial court
abused its discretion in excluding the stepfather’s testimony, which would not
serve the purpose of tailoring the sentence to Hoselton.

            We
overrule this point of error.   

IV.       Striking Defense Expert
Testimony

            When the State
discovered Hoselton intended to call Ondrovik, who was appointed by the court
as an expert, it sent Ondrovik a subpoena duces tecum seeking production of her
reports and notes.  After failure to
produce an expert report or any supporting documentation, the trial court
granted the State’s motion to compel compliance with a subpoena duces
tecum.  At a March 30, 2009, hearing on
the State’s motion to compel, the State asked the trial court to require
disclosure of Ondrovik’s reports prior to trial.  Later, the State requested the expert provide
underlying facts or data under Rule 705 of the Texas Rules of Evidence.  Tex.
R. Evid. 705.  Hoselton argued
that Rule 705 did not authorize such pretrial discovery on behalf of the
State.  The trial judge told Hoselton’s
counsel to either turn over Ondrovik’s reports or “keep her off the stand and
you can go hire you somebody else to testify.” 
In the written order, it required Hoselton “must produce the requested
document by April 15, 2009 or be precluded from calling Dr. Joann Ondrovik as a
witness in this cause.”  

            Hoselton
failed to provide all of Ondrovik’s materials to the State on April 15.  On April 17, the State complained to the
trial court that they had not been provided. 
The trial judge warned Hoselton, “If you don’t have that information by
5:00 today, she’s not going to testify. 
We are not playing those games. 
Do you understand?  If it’s not
here, it will not be admitted.” 

            During
the course of the trial, Ondrovik was asked on cross-examination what medical
reports she had reviewed; she responded that she had seen some of Hoselton’s
hospital reports.  The State then argued
that it was to “receive everything that Dr. Ondrovik used, medical records,
whatever” and moved to strike the entire testimony of Ondrovik.  Rejecting Hoselton’s explanation that she had
provided all documents available at the time, the trial court struck all of
Ondrovik’s testimony.[3]  

            Ondrovik’s
testimony was aimed at convincing the trial judge to place Hoselton under
community supervision with required sex offender treatment.  Prior to the striking of her testimony, she
testified Hoselton was “a very positive candidate for the program.”  She stated that the sex offender treatment
program was “stringent” and that some people had “actually chosen to go to
prison rather than comply will [sic] all of the requirements of the program.”  Ondrovik ultimately testified that Hoselton “ha[d]
a healthy respect for prison.  She does
not want to go to prison” and that there were “ways acceptable within the
treatment community to verify if [Hoselton] complie[d] with the terms and
conditions of probation.”  

            Hoselton
complains that the trial court’s sanction for her own failure to comply with
the court’s orders were too severe.  

            A
trial court’s decision on whether to allow an expert witness to testify is
reviewed for abuse of discretion.  Johnson v. State, 233 S.W.3d 109, 114
(Tex. App.––Houston [14th Dist.] 2007, no pet.) (citing Stoker v. State, 788 S.W.2d 1, 15 (Tex. Crim. App. 1989)[4]
(holding trial court did not abuse discretion in failing to allow defense
expert witness to testify due to failure to comply with discovery order despite
evidence of bad faith).  A trial court
abuses its discretion when its ruling is arbitrary, unreasonable, or without
reference to any guiding rules or legal principles.  Montgomery
v. State, 810 S.W.2d 372, 380
(Tex. Crim. App. 1990); Johnson, 233
S.W.3d at 114.  We will uphold the trial
court’s decision if it is within the zone of reasonable disagreement.  Johnson, 233 S.W.3d at 114.  

            Hoselton’s
argument on appeal is that the trial court’s action in striking the expert’s
entire testimony was improper.  To
support this contention, she cites us to the Texas Rules of Civil Procedure and
several civil cases applying those rules and argues that striking the testimony
was an excessive sanction.  See TransAmerican
Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991).  Of course, this is not a civil case and the Texas
Rules of Civil Procedure are not applicable. 
Tex. R. Civ. P. 2 (“These
rules shall govern the procedure . . . in all actions of a civil nature, with
such exceptions as may be hereinafter stated.”).  

            The
more basic issue in this case is whether the trial court had the authority to
order pretrial discovery of the expert’s reports, examination records of
Hoselton, and all documents reviewed and thereafter exclude the expert’s
testimony for failing to fully provide the documents to the State.  

            Article 39.14 is “a
limited exception to the general rule that the State cannot obtain discovery of
the witnesses the defendant intends to call.” 
Thornton v. State, 37 S.W.3d
490, 493 (Tex. App.––Texarkana 2000, pet. ref’d).  On motion of a party, the trial court may order disclosure of “the name and
address of each person the other party may use at trial to present evidence
under Rules 702, 703, and 705, Texas Rules of Evidence.”  Tex.
Code Crim. Proc. Ann. art. 39.14 (Vernon Supp. 2009).  Rule 705 states that an “expert may testify
in terms of opinion or inference and give the expert’s reasons therefor without
any prior disclosure of the underlying facts or data, unless the court requires
otherwise.”  Tex. R. Evid. 705. 
While it was proper to require Ondrovik to disclose the facts or data
underlying her opinion so that the trial court could determine if the data
provided a basis for the opinion and was admissible, there is no general right
by the State for pretrial discovery from the defendant.[5]  Ramirez
v. State, 815 S.W.2d 636, 651 (Tex. Crim. App. 1991); Thornton, 37 S.W.3d at 492. 
We emphasize that our opinion does not expressly or implicitly interpret
Article 39.14, which provides only for disclosure of names and addresses of experts,
as requiring pretrial discovery of medical reports, records, and other such
documentation.  But, this issue of the State’s
right of discovery and the concomitant authority to enforce such discovery
order was not briefed or presented on this appeal.  See
Gerron v. State, 93 S.W.3d 597 (Tex.
Crim. App. 2003).[6]
 We do not believe Hoselton’s argument
regarding the Texas Rules of Civil Procedure provides any basis for this Court
to conclude the trial court erred.  




 

            Even
if we found that error was present, nonconstitutional error “that does not
affect substantial rights must be disregarded.” 
Tex.
R. App. P. 44.2.  Generally, a
trial judge cannot assess community supervision for a defendant adjudged guilty
of indecency with a child.  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 3g(a)(1)(c).  However, deferred
adjudication community supervision is available “only if the judge makes a
finding in open court that placing the defendant on community supervision is in
the best interest of the victim.”  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(a).  After noting the victim’s
symptoms of post-traumatic stress from Hoselton’s repeated abuse, including
being burned with a lighter on his genital area, State expert Cathy Floyd
testified it would be in the best interest of the eight-year-old victim for
Hoselton to be denied community supervision. 
Hoselton failed to contest this evaluation, and instead focused her
defense on her suitability for community supervision.  Ondrovik was not involved with the victim,
and her testimony was not relevant to this necessary finding involving the
victim’s best interest.  Thus, even had
this Court found trial error in the exclusion of Ondrovik’s testimony, in 




 

this context, it did not affect
Hoselton’s substantial rights and, therefore, must be disregarded.  Tex. R.
App. P. 44.2(b).  

            Consequently,
we overrule Hoselton’s last point of error. 

V.        Conclusion 

            We
affirm the judgment of the trial court. 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

            

Date Submitted:          February
10, 2010

Date Decided:             March
18, 2010

 

Do Not Publish

 











[1]The
only binding authority cited by Hoselton involved situations where the district
attorney had previously represented a defendant.  Those cases do not apply.  See
generally State ex rel. Hill v.
Pirtle, 887 S.W.2d 921 (Tex. Crim. App. 1994); State ex rel. Eidson v. Edwards, 793 S.W.2d 1 (Tex. Crim. App.
1990). 





[2]The
Texas Court of Criminal Appeals tells us that even though the rules of conduct
cannot solely be the basis to disqualify the district attorney, “this does not
mean that a prosecutor need not comply with the Texas Disciplinary Rules of
Conduct . . . .”  Landers, 256 S.W.3d at 306 n.35.





[3]The
record reveals that the district attorney’s office had received a report from
Ondrovik and the complaint was that it had not received a medical record
reviewed by Ondrovik.  Ondrovik stated
the medical record came in later and 
merely “confirmed what was . . . in my report, that I already knew.” 





[4]The
court later reconsidered its application of waiver or preservation in Stoker, but left the merits of the
decision intact.  Leday v. State, 983 S.W.2d 713 (Tex. Crim. App. 1998). 





[5]We
recognize that certain recently enacted statutes grant the State some right to
depose witnesses in certain instances.  See Tex.
Code Crim. Proc. Ann. arts.
39.02, 39.025 (Vernon Supp. 2009).  





[6]We
cannot decide this matter based on a point not briefed.  If Hoselton had argued that the trial court
had no authority to issue and enforce a pretrial discovery order, the State
could have responded to it.  One possible
State argument could have been that the trial court has inherent authority to
allow the State some pretrial discovery outside that authorized by statute.  See
Thornton, 37 S.W.3d at 492.  We express no opinion on that question.