

IN THE
TENTH COURT OF APPEALS

No. 10-12-00020-CR

BOBBY JOE HALL,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 40th District Court
Ellis County, Texas
Trial Court No. 35493CR

MEMORANDUM OPINION

In four issues, appellant, Bobby Joe Hall, challenges his conviction for indecency

with a child by contact, a second-degree felony. *See* TEX. PENAL CODE ANN. § 21.11(a)(1),

(d) (West 2011). We affirm.

I. BACKGROUND[1]

Appellant was charged by indictment with the offense of indecency with a child

by contact for conduct allegedly transpiring on or about January 1, 2005. Apparently, in

---

[1] As this is a memorandum opinion and the parties are familiar with the facts, we only recite those facts necessary to the disposition of the case. *See* TEX. R. APP. P. 47.1, 47.4.

separate indictments, appellant was also charged with the offenses of aggravated kidnapping (trial court cause number 35,494CR), sexual performance by a child (trial court cause number 35,495CR), and sexual assault (trial court cause number 35,496CR). On the day before trial, appellant filed a motion to sever the offenses, alleging that the State had intended to join or consolidate all of the offenses for trial. The trial court granted appellant's motion to sever, and trial commenced on the indecency-with-a-child-by-contact count the next day.

Several witnesses, including the victim, testified at trial.[2] At the conclusion of the guilt-innocence phase, the jury found appellant guilty of the charged offense. During the punishment phase, the jury heard testimony from several witnesses, including the victim. It is a portion of the victim's testimony that serves as the basis of appellant's third issue. The jury ultimately sentenced appellant to twenty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## II. NOTICE OF STATE'S INTENT TO USE EXTRANEOUS-OFFENSE EVIDENCE

In his first two issues, appellant contends that the trial court abused its discretion in admitting extraneous-offense evidence at trial. Specifically, appellant argues that the State did not provide him with sufficient notice of its intent to use extraneous-offense evidence pursuant to Texas Rule of Evidence 404(b) and article 38.37 of the Texas Code of Criminal Procedure. *See* TEX. R. EVID. 404(b); *see also* TEX. CODE CRIM. PROC. ANN. art.

---

[2] The victim testified that she was twenty-three years old at the time of trial.

38.37 (West Supp. 2013). Most, if not all, of the complained-of evidence corresponded with the other charged offenses that were severed the day before trial.

## A. Facts

For the offense in this case, appellant was indicted on February 17, 2011. The record reflects that, on September 7, 2010, appellant was appointed counsel for all of the cases. The arraignment in this case transpired on April 7, 2011, and included the charged offense in this case, as well as the cases that were eventually severed.

On July 20, 2011, the State filed discovery responses that provided notice of its intent to introduce evidence of appellant's prior conviction for attempted possession of a controlled substance.

At a pre-trial hearing on November 4, 2011, appellant urged a motion in limine, stating that the indecency case would be tried first and arguing that evidence pertaining to the other indicted cases should be kept out of the indecency case. The trial court took appellant's motion in limine under advisement, stating that it would rule on the motion closer to the time of trial.

On December 12, 2011, the day before trial was scheduled to start, the trial court conducted the final pre-trial hearing, whereby appellant argued that the aggravated-kidnapping, sexual-performance-by-a-child, and sexual-assault cases should be severed from the indecency case. Appellant also re-urged his motion in limine, asserting that evidence pertaining to the other cases should not be admitted during the indecency case because he did not receive proper notice of the State's intent to introduce evidence of those other cases. The trial court overruled appellant's complaint, stating that the

indictments in the other cases provided appellant with sufficient notice. Appellant did not request a continuance. Trial commenced the following day.

**B. Analysis**

Article 38.37 of the Texas Code of Criminal Procedure addresses the admission of extraneous-offense evidence during the trial of an offense brought under chapter 21 of the penal code and alleged to have been committed against a child under seventeen years old. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37. The relevant portion of article 38.37 that was in effect at the time of trial provided the following:

> Sec. 2. Notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
>
> > (1) the state of mind of the defendant and the child; and
>
> > (2) the previous and subsequent relationship between the defendant and the child.
>
> Sec. 3. On timely request by the defendant, the [S]tate shall give the defendant notice of the [S]tate's intent to introduce in the case in chief evidence described by Section 2 in the same manner as the [S]tate is required to give notice under Rule 404(b), Texas Rules of Criminal Evidence.

*See* Act of May 29, 1995, 74th Leg. R.S., ch. 318, § 48, 1995 Tex. Gen. Laws 2734, 2748 (amended 2005, 2011, and 2013) (current version at TEX. CODE CRIM. PROC. ANN. art. 38.37)).

This Court has stated that "reasonable notice" depends upon the facts and circumstances of each individual case. *Scott v. State*, 57 S.W.3d 476, 480 (Tex. App.—Waco 2001, pet. ref'd) (citing *Webb v. State*, 36 S.W.3d 164, 178 (Tex. App.—Houston

[14th Dist.] 2000, pet. ref'd)). As such, courts have examined factors other than the actual time frame to determine whether notice was reasonable. For example, the *Self* court focused on the defense. *See Self v. State*, 860 S.W.2d 261, 264 (Tex. App.—Fort Worth 1993, pet. ref'd). More specifically, the *Self* court held that because defense counsel was able to cross-examine witnesses about the specifics of the extraneous acts, there was no surprise and, therefore, notice of the State's intent to introduce evidence of these acts was adequate. *See id.* In *Hernandez v. State*, we agreed with *Self* when we stated that the purpose of reasonable notice is "to allow the defendant adequate time to prepare for the State's introduction of the extraneous offenses at trial." 914 S.W.2d 226, 234 (Tex. App.—Waco 1996, no pet.).

In *Scott*, the defendant was indicted in four cases and was convicted in one case for sexual assault. 57 S.W.3d at 478. Over four months before trial, Scott retained counsel to represent him in the three charged sexual-assault cases. *Id.* at 481. Like the instant case, the cases in *Scott* were originally set for pre-trial together. *Id.* The three other cases involved in *Scott* were not "extraneous" "until approximately ten days before the trial when the State decided not to pursue prosecution of them as part of their primary case." *Id.* At this point, the State provided Scott with notice of its intent to offer evidence of extraneous conduct; Scott complained that the notice was untimely. *Id.* at 482. Ultimately, in *Scott*, we concluded that, "[a]lthough notice of the State's intent to offer the offenses may have been received only six days before trial, under the unique facts presented," defense counsel was not surprised or disadvantaged because of lack of preparation time. *Id.* at 482-83.

In the instant case, although the State did not provide appellant with written notice of its intent to introduce evidence regarding the other charged offenses, those additional offenses were not "extraneous" until appellant's motion to sever was granted the day before jury selection began. Furthermore, as was the case in *Scott*, all of the charged offenses involved in this case were scheduled for pre-trial together. *See id.* at 481. Moreover, if appellant was truly surprised or disadvantaged by the State's introduction of evidence regarding the other charged offenses, surely he would have requested a continuance once the trial court granted his motion to sever. Therefore, similarly to *Scott*, we find it difficult to find that appellant was surprised or disadvantaged because of lack of preparation time. *See id.* at 482-83.

And even if the trial court abused its discretion in admitting the extraneous-offense evidence, we find that the error, if any, was harmless. The purported erroneous admission of extraneous-offense evidence does not involve a constitutional-error analysis. *See McDonald v. State*, 179 S.W.3d 571, 578 (Tex. Crim. App. 2005); *Johnson v. State*, 84 S.W.3d 726, 729 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *see also Stephens v. State*, No. 08-11-00166-CR, 2013 Tex. App. LEXIS 10188, at *20 (Tex. App.—El Paso Aug. 14, 2013, pet. ref'd) (not designated for publication). Given that appellant objected to the lack of notice, the harm considered is the effect of the lack of notice on his ability to mount an adequate defense. *See McDonald*, 179 S.W.3d at 578.

Because appellant faced trial on all of the charged offenses prior to the trial court granting his motion to sever the day before trial, we do not believe that appellant was unable to mount an adequate defense. *See id.* In addition, appellant has not explained

how his defense would have been different had he received formal notice from the State earlier. Furthermore, appellant did not request a continuance to allow additional time to prepare once the trial court granted his motion to sever. *See Hackett v. State*, 160 S.W.3d 588, 591 (Tex. App.—Waco 2005, pet. ref'd) (concluding that any error in the trial court's denial of the defendant's motion to quash enhancement allegations "was rendered harmless by Hackett's failure to request a continuance"); *see also Barnes v. State*, 867 S.W.2d 316, 328 (Tex. Crim. App. 1994) ("If a witness' name is not furnished [to] a defendant before trial despite a court order, any error in allowing that witness to testify over a claim of surprise is 'made harmless' by defendant's failure to object or move for a continuance."). Therefore, given the facts listed above, even if it was error for the trial court to admit the complained-of extraneous-offense evidence over appellant's notice complaint, any error did not influence the jury or had but slight effect and should be disregarded as harmless. *See* TEX. R. APP. P. 44.2(b); *see also McDonald*, 179 S.W.3d at 578-79.

Based on the foregoing, we cannot conclude that the trial court abused its discretion in admitting the complained-of extraneous-offense evidence. *See De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009) (stating that a trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard); *see also Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005) (same). Accordingly, we overrule appellant's first two issues.

### III. Admission of Evidence During the Punishment Phase

In his third issue, appellant complains that the trial court abused its discretion by admitting evidence of the victim's staph infection and alleged miscarriage during the punishment phase of trial. Specifically, appellant asserts that the prejudicial effect of the complained-of evidence greatly outweighed its probative value.

#### A. Applicable Law

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *McDonald*, 179 S.W.3d at 576. "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

At the punishment phase of trial,

> evidence may be offered by the [S]tate and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried . . . .

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2013).

"Admissibility of evidence during the punishment phase of a non-capital trial is a function of policy rather than relevancy." *Muhammad v. State*, 46 S.W.3d 493, 498 (Tex. App.—El Paso 2001, no pet.) (citing *Miller-El v. State*, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990); *Schielack v. State*, 992 S.W.2d 639, 641 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd)). "Evidence admitted to inform the jury's punishment decision is not a

question of logical relevance, as there are no distinct facts to be proven." *Id.* (citing *Schielack*, 992 S.W.2d at 641). "The Code of Criminal Procedure authorizes the trial court to admit punishment evidence 'as to any matter the court deems relevant to sentencing . . . .'" *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (West Supp. 2013)). The trial court "enjoys wide latitude in admitting relevant evidence so long as its admission is otherwise permitted by the rules of evidence." *Id.* at 498-99 (citing *Mock v. State*, 848 S.W.2d 215, 225 (Tex. App.—El Paso 1992, pet. ref'd)).

**B.**     **Facts**

During the punishment phase, the victim testified that she and appellant had been doing crack cocaine in a vehicle in November 2004, when appellant was arrested. The victim also testified that she got a staph infection from appellant, who had allegedly caught the infection while he was in jail. When the victim continued to testify how painful the staph infection was, defense counsel objected on relevance grounds. The objection was overruled, and the victim further testified that: "I basically had to treat it myself. And the count that I had was about 17 blisters, and it was all around me. I could barely move. I had to treat it myself because he [appellant] told me that I couldn't go to the hospital." At this point, defense counsel objected that the question called for a narrative response and that the victim was non-responsive. The trial court did not rule on the objection; instead, the prosecutor asked for more details as to why appellant would not allow the victim to go to the hospital. The victim responded that she asked to go to the hospital, but appellant did not allow it because he said the police would take her to jail.

Later, the victim testified about another episode at a Holiday Inn hotel when she was pregnant and began to bleed. Defense counsel objected on relevance grounds; however, the trial court overruled defense counsel's objection. The trial court did convene a brief hearing outside the presence of the jury, whereby defense counsel stated that he anticipated that the State intended to elicit testimony that the victim had a miscarriage and that appellant had once again refused to take her to the hospital. Defense counsel objected to this testimony, arguing that the probative value of the testimony was greatly outweighed by its prejudicial effect. After the prosecutor argued that the testimony was relevant to explain how the victim suffered at the hands of appellant, the trial court overruled the objection, and the victim testified to the following:

> Basically, I was laying [sic] on the bed and then like how it managed—I went to the bathroom and then that's when I noticed there was blood. And I like started freaking out. I ended up getting in the bathtub, and I was in there by myself. I was like don't—leave me alone. I was freaking out. I'm like what is going on.

> And there was—it's pretty graphic, but basically, it got to the point where I was like I need to go to the hospital. You know, I don't know what's going on. I need to go. He's like, no, no, you know, same thing. They'll take you to jail if you go to the hospital. At [sic] then so I had no choice, and this time was so embarrassing for me, but something was—I felt something was coming out of me, and I had no choice but to have him see if he could get it out.

> I mean, I was freaking out, and I was being told I couldn't go to the hospital. So I—like I was on the couch and I was like see if, you know, something is coming out of me. And he said there's nothing. Then I went back and I got in the bath and I just like sat in the bath and just soaked. And he's like, . . . get out. You know, we have to go. We have to go.

We left the hotel room[;] it looked like a murder scene.  I mean, it was just blood, like bloody towels, everything[,] and we left.  I mean, and that was it.

As noted above, on appeal, appellant complains about the victim's testimony regarding the staph infection and the miscarriage.

## C.     The Victim's Staph-Infection Testimony

With regard to the victim's testimony about the staph infection, we note that appellant objected on relevance grounds; however, on appeal, appellant asserts that the probative value of this testimony is greatly outweighed by its prejudicial effect.  In other words, on appeal, appellant objects to this testimony under rule 403 of the Texas Rules of Evidence.  *See* TEX. R. EVID. 403.

To preserve error, Texas Rule of Appellate Procedure 33.1(a) requires the complaining party to make a specific objection or complaint and obtain a ruling thereon before the trial court.  *See* TEX. R. APP. P. 33.1(a); *see also Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  Texas courts have held that points of error on appeal must correspond or comport with objections and arguments made at trial.  *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1999); *see Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd).  "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review."  *Wright*, 154 S.W.3d at 241.  Because appellant objected to the staph-infection testimony on relevancy grounds, rather than 403 grounds, we conclude that appellant's trial-court objection does not comport with his complaint on appeal.  *See Dixon*, 2 S.W.3d at 273; *see also Wright*, 154 S.W.3d at 241.  Accordingly, we cannot say that appellant has preserved for

review his complaint regarding the staph-infection testimony. *See* TEX. R. APP. P. 33.1(a); *see also Wilson*, 71 S.W.3d at 349; *Wright*, 154 S.W.3d at 241.

**D.     The Victim's Testimony About Her Miscarriage**

With regard to the victim's testimony about her miscarriage, appellant objected on rule 403 grounds in the trial court. *See* TEX. R. EVID. 403. Therefore, we conclude that appellant's objection comports with his appellate complaint as to this testimony. *See Dixon*, 2 S.W.3d at 273; *see also Wright*, 154 S.W.3d at 241.

Rule 403 states that: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. "Rule 403 favors admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial." *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991) (op. on reh'g); *see Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007); *see also Moten v. State*, No. 10-12-00027-CR, 2012 Tex. App. LEXIS 9541, at *13 (Tex. App.—Waco Nov. 15, 2012, pet. ref'd) (mem. op., not designated for publication).

Appellant's refusal to seek medical treatment for his daughter, the victim in this case, is relevant to appellant's character, his general reputation, and the circumstances surrounding his relationship with the victim and the charged offense. *See* TEX. CODE CRIM. PROC. ANN. arts. 37.07, § 3(a)(1), 38.37, § 2. Though disturbing, given that the trial court has wide latitude to admit evidence during the punishment phase of trial and that rule 403 favors admissibility of relevant evidence, we cannot say that appellant has

demonstrated that the trial court abused its discretion in admitting the victim's testimony regarding appellant's refusal to allow her to seek medical treatment for the miscarriage. *See Gallo*, 239 S.W.3d at 762; *Montgomery*, 810 S.W.2d at 389; *Muhammad*, 46 S.W.3d at 498-99; *see also Moten*, 2012 Tex. App. LEXIS 9541, at *13. Moreover, appellant does not adequately explain on appeal that the jury was more likely to punish him as a result of his refusal to allow the victim to seek medical treatment for the miscarriage, rather than the ample evidence adduced during the guilt-innocence phase regarding his sexual misconduct with the victim. *See* TEX. R. APP. P. 44.2(b); *see also Motilla v. State*, 78 S.W.3d 352, 358 (Tex. Crim. App. 2002) (noting that appellate courts review everything in the record, including evidence of the defendant's guilt, when conducting a harm analysis under Texas Rule of Appellate Procedure 44.2(b)). Therefore, based on the foregoing, we overrule appellant's third issue.

## IV. APPELLANT'S "FOURTH" ISSUE

Though, in his summary of the argument, he presents four issues in this appeal, a review of appellant's brief shows that he only asserts three issues in the body of his brief. In any event, in his conclusion, appellant contends that additional errors by the trial court, including the admission over objection of "unauthenticated documents, reports, physical evidence" and evidence "that the prejudicial effect of such evidence outweighed the probative value," amounted to cumulative error that violated his rights to due process and a fair trial. However, in making these contentions, appellant does not identify specific actions by the trial court, nor does he cite to portions of the record supporting his contentions. *See* TEX. R. APP. P. 38.1(i) (providing that appellant's brief

must cite the record and appropriate authority).  Accordingly, we must conclude that this "fourth" issue has been inadequately briefed and, thus, waived.  *See id.*; *see also McCarthy v. State*, 65 S.W.3d 47, 49 n.2 (Tex. Crim. App. 2002) (noting that an inadequately-briefed issue presents nothing for review); *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (en banc) (concluding that appellant waived consideration of an issue on appeal by failing to include authority or argument).

## V.  CONCLUSION

Having overruled all of appellant's issues on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
　　Justice Davis, and
　　Justice Scoggins
Affirmed
Opinion delivered and filed April 17, 2014
Do not publish
[CR25]