STATE of Texas ex rel., James F. HURY, Jr., District Attorney of Galveston County, Petitioner,

v.

Don B. MORGAN, Judge of 56th District Court, Galveston County, Respondent.

No. 65020.

Court of Criminal Appeals of Texas, En Banc.

July 16, 1980.

James F. Hury, Jr., Dist. Atty. and Jack C. Brock, Asst. Dist. Atty., Galveston, for petitioner.

Don B. Morgan, Galveston, for respondent.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

The State seeks a writ of mandamus to compel the respondent District Court Judge to withdraw his order granting the release from the Texas Department of Corrections of one Theodore Scurry, pursuant to the provisions of Article 42.12, § 3e(a), V.A.C. C.P.

The record reflects that on January 18, 1980, defendant Scurry was found guilty by a jury of the offense of voluntary manslaughter. On January 31, 1980, the trial court assessed punishment at confinement for a period of ten years in the Texas Department of Corrections and Scurry was sentenced accordingly on February 29, 1980. On May 28, 1980, the trial court granted Scurry's motion for "shock probation," ordered him released from prison, and probated the remaining years of his sentence. The State now seeks a writ of mandamus to compel the trial court to rescind the order, which it contends is void, since such order was expressly prohibited by the language of the above cited statute.

A fact situation virtually identical to the one at bar confronted us only recently in *State ex rel. Vance v. Hatten* (Tex. Cr.App., No. 62,392, delivered May 28, 1980)[1] where we held that a trial judge could not grant shock probation to a defendant who had been convicted of the offense of involuntary manslaughter and assessed punishment at ten years confinement. Noting that involuntary manslaughter (and for the purposes of this cause, voluntary manslaughter) for which the defendant therein was convicted is an offense of criminal homicide, cf. V.T.C.A. Penal Code, § 19.01(b), one of a trio of offenses for which Article 42.12, § 3e(a), supra, *expressly* precludes the granting of "shock probation," we found that the trial court exceeded the scope of its authority in granting "shock probation." Accordingly, we held such order to be void.

Not coincidentally, the parties in the case at bar have agreed that the disposition of this cause should be controlled by our decision in *Vance v. Hatten*, supra. As noted above, the fact situations, aside from the nature of the criminal homicide involved, are indistinguishable and therefore compel

1. In which motion for leave to file motion for rehearing has this day been overruled.

similar results. As we did in *Vance v. Hatten*, supra, we conclude that according to the clear and unambiguous language of the statute, the respondent is without authority to grant "shock probation" pursuant to Article 42.12, § 3e(a), to defendant Scurry, convicted as he was of criminal homicide. Accordingly, such order is void. We assume that the respondent will immediately perform his duty to withdraw such void order. The writ of mandamus will issue only if he refuses to do so.

It is so ordered.