The STATE of Texas, ex rel. John B. HOLMES, Jr., District Attorney, Harris County, Texas, Relator,

v.

Norman LANFORD, Judge, 339th District Court, Harris County, Texas, Respondent.

No. A14-88-01048-CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 2, 1989.

John B. Holmes, Jr., Calvin A. Hartmann, Houston, for relator.

R. Trent Gaither, Houston, for respondent.

Before J. CURTIS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

OPINION

J. CURTIS BROWN, Chief Justice.

The state of Texas filed this original proceeding to prevent the respondent Norman Lanford, judge of the 339th District Court of Harris County, from enforcing his order that the complaining witness in a sexual abuse case submit to a psychological examination. We conditionally grant the writ of mandamus.

Real party in interest, Steven Whatley, is charged with sexually abusing his four-year old daughter. Whatley filed a motion requesting the trial court to order that the complaining witness be psychologically examined by an expert to be named by the defendant. In his motion, Whatley asserted only that the child's competency and the possibility she had been unduly influenced would be issues at trial. No further evidence of good cause was offered. On that basis, Judge Lanford ordered the State to produce the child for the requested examination. This court stayed the order pending disposition of this mandamus.

The State contends the trial court acted without legal authority and mandamus should issue to nullify the order. *State ex rel. Holmes v. Denson,* 671 S.W.2d 896, 899 (Tex.Crim.App.1984). We agree.

■ There is no general right to discovery in a criminal case. *Weatherford v. Bursey,* 429 U.S. 545, 559, 97 S.Ct. 837, 845, 51 L.Ed.2d 30 (1977); *e.g. Hackathorn v. State,* 422 S.W.2d 920, 922 (Tex.Crim. App.1964). The State argues that while Texas courts may have had unfettered discretion to grant criminal discovery in the absence of legislation on the issue, the enactment of Tex.Code Crim.Proc.Ann. art. 39.14 (Vernon 1979) limited that inherent authority. The State contends that by enacting article 39.14 the legislature defined the parameters of criminal discovery, and trial courts may exercise their discretion only within those parameters. In *State ex. rel. Wade v. Stephens,* the Dallas Court of

**594**

Appeals adopted that reasoning. 724 S.W. 2d 141, 144 (Tex.App.—Dallas 1987, no pet.).

■ While we agree with the result of the *Stephens* decision, we do not agree with its reasoning. This court recognizes circumstances may arise under which a trial court could properly order discovery beyond that outlined in article 39.14. However, a trial court has no inherent authority to order the victim in a criminal case to undergo a psychological examination. The State has no ability to comply with such an order because the State, like the trial judge, has no authority to force a complaining witness to submit to such an invasion of her right to privacy.

Whatley has the right to cross-examine the child. He can question her as to her competency and any undue influence he believes her mother and grandmother may have exercised. He can subpoena the mother and grandmother for questioning as well. A psychological examination of the complaining witness is not necessary to preserve his right to confront and cross-examine the witnesses against him.

Further, though Tex.R.Crim.Evid. 601(a)(2) empowers the trial judge to determine the witness' competency, it does not give that court the authority to *compel* a witness to submit to a psychological examination. The trial judge's duty is simply to determine whether the witness "possess[es] sufficient intellect to relate transactions with respect to which [she will be] interrogated." Rule 601(a)(2). No in-depth psychological probing is necessary for that determination. The order before us is simply beyond the scope of the authority vested in a trial court.

Accordingly, the order was void *ab initio*. We assume Judge Lanford will withdraw the order. Should he fail to do so within 30 days from this date, the writ of mandamus will issue. The stay will remain in effect until such time.