**Larry N. THORNTON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 06–99–00142–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 16, 2000.

Decided Oct. 17, 2000.

Rehearing Overruled Jan. 9, 2001.

Mark W. Breding, Quitman, for appellant.

Nicole Habersang, Asst. Dist. Atty., James H. Elliott, Bowie County Asst. Dist. Atty., Texarkana, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

WILLIAM J. CORNELIUS, Chief Justice.

■ Larry Thornton was convicted by a jury of two counts of indecency with a child. The jury assessed punishment at twenty years' confinement, and the trial court ordered that the sentences run concurrently. Thornton was accused of touching the genitals of two girls aged thirteen and fourteen at a local swimming pool. Thornton does not challenge the sufficiency of the evidence. He contends the trial court erred by issuing a pretrial order requiring him to disclose the names of the witnesses he intended to call at trial.[1] He argues that this order violated his rights under the Due Process Clause of the United States Constitution, U.S. CONST. amend. XIV, the due course of law provision of the Texas Constitution, TEX. CONST. art. I, § 19, and Texas law.

1. The trial court ordered reciprocal disclo-

We find these contentions to be improperly briefed. Thornton provides no argument or supporting authority for his contention that the trial court's order violated his right to due process or due course of law. We therefore do not consider his constitutional contentions.

■ We note, however, that the United States Supreme Court has found no due process violation in a Florida law requiring the defendant to disclose the names of witnesses he intends to call at trial to establish an alibi defense. *Williams v. Florida,* 399 U.S. 78, 81–82, 90 S.Ct. 1893, 26 L.Ed.2d 446, 450 (1970); *see also Wardius v. Oregon,* 412 U.S. 470, 474, 93 S.Ct. 2208, 37 L.Ed.2d 82, 87 (1973). In *Williams,* the court reasoned that Florida's law was designed to enhance the search for truth and was "hedged with reciprocal duties requiring state disclosure to the defendant." *Williams v. Florida,* 399 U.S. at 81–82, 90 S.Ct. 1893; *see also Wardius v. Oregon,* 412 U.S. at 474, 93 S.Ct. 2208. In subsequent cases, the court has expressed strong approval for expanded discovery in criminal cases. *See Taylor v. Illinois,* 484 U.S. 400, 411–12, 108 S.Ct. 646, 98 L.Ed.2d 798, 812 (1988); *Wardius v. Oregon,* 412 U.S. at 474, 93 S.Ct. 2208. We note also that other jurisdictions give the State pretrial discovery rights to the defendant's witnesses and other material. *See* Eric D. Blumenson, *Constitutional Limitations on Prosecutorial Discovery,* 18 HARV. C.R.-C.L. L.REV. 123 (1983); Robert P. Mosteller, *Discovery Against the Defense: Tilting the Adversarial Balance,* 74 CAL.L.REV. 1567 (1986); Vitauts M. Gulbis, Annotation, *Right of Prosecution to Discovery of Case–Related Notes, Statements, and Reports—State Cases,* 23 A.L.R.4th 799 (1983); W.C. Crais III, Annotation, *Right of Prosecution to Pretrial Discovery, Inspection, and Disclosure,* 96 A.L.R.2d 1224 (1964).

■ Thornton contends that the trial court's discovery order violated his rights

sures from the State.

under Texas law. We review a trial court's decision to order pretrial discovery under an abuse of discretion standard. *See Kinnamon v. State,* 791 S.W.2d 84, 91 (Tex.Crim.App.1990), *overruled on other grounds, Cook v. State,* 884 S.W.2d 485 (Tex.Crim.App.1994); *Saldivar v. State,* 980 S.W.2d 475, 496 (Tex.App.—Houston [14th Dist.] 1998, pet. ref'd). We determine whether the court acted without reference to any guiding rules or principles so that its actions were arbitrary and unreasonable. *Lyles v. State,* 850 S.W.2d 497, 502 (Tex.Crim.App.1993); *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App. 1990).

There is no Texas statute authorizing the trial court to grant the State pretrial discovery from the defendant. The trial court may order a pretrial hearing at which it can determine, among other things, discovery requirements. TEX.CODE CRIM.PROC.ANN. art. 28.01, § 1(8) (Vernon 1989). But Texas statutes provide only for the defendant's discovery from the State. For example, the trial court can in certain situations and under certain conditions, permit the defendant discovery of:

> [A]ny designated documents, papers, written statement of the defendant, (except written statements of witnesses and except the work product of counsel in the case and their investigators and their notes or report), books, accounts, letters, photographs, objects or tangible things not privileged, which constitute or contain evidence material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies.

TEX.CODE CRIM.PROC.ANN. art. 39.14 (Vernon 1979), *amended by,* Act of May 21, 1999, 76th Leg., R.S., ch. 578, § 1, 1999 Tex.Gen. Laws 3118. The trial court may also allow the defendant to depose witnesses in some situations. TEX.CODE CRIM. PROC.ANN. arts. 39.01, 39.02 (Vernon 1979).

Some courts in other jurisdictions have held that the trial court has inherent authority to order discovery from the defendant, while others have held that the Legislature must first authorize such discovery. *Gulbis, supra,* at § 4. One Texas court has held that the Texas Legislature intended Article 39.14 to be a comprehensive discovery statute limiting the content and scope of discovery orders. *See State ex rel. Wade v. Stephens,* 724 S.W.2d 141, 144 (Tex.App.—Dallas 1987, orig. proceeding), holding that the trial court had no authority to order the complainant to undergo a medical examination. Another Texas court has held that a trial court could properly order discovery beyond what Article 39.14 outlines, but it could not order the complainant to undergo a psychological examination. *See State ex rel. Holmes v. Lanford,* 764 S.W.2d 593, 594 (Tex.App.—Houston [14th Dist.] 1989, orig. proceeding).

There is at least some authority, then, for the proposition that Texas courts have inherent authority to order discovery beyond what Article 39.14 expressly provides. Texas courts have generally permitted the trial court to order the State to disclose its witnesses, though Article 39.14(a) does not specifically provide for such disclosures. *See Hightower v. State,* 629 S.W.2d 920, 925 (Tex.Crim.App. [Panel Op.] 1981); *Young v. State,* 547 S.W.2d 23, 27 (Tex.Crim.App.1977).

Though one commentator has opined that "[t]here is universal agreement that trial judges lack authority to compel the defense to provide the State" with its witness list, 41 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 22.81 (1995), the case law is notably silent on the matter. Neither party has cited and our research has not revealed any Texas case addressing whether a trial court may order discovery from the defendant.

In *Demouchette v. State,* 731 S.W.2d 75, 81 (Tex.Crim.App.1986), the Texas Court of Criminal Appeals commented in dicta that the State has no right of discovery into the defendant's case. That comment

was made in the context of determining whether the State could voir dire the jury on the law of parties when the evidence known to the State at the time showed that the accused acted alone. The court held that the State could anticipate within reason the evidence as it might develop at trial and qualify the jury on the law accordingly. However, the court's comment is not a statement about the trial court's authority to permit discovery from the defendant; rather, it is a reflection that the State, like the defendant, has no general right to such discovery. *See Washington v. State*, 856 S.W.2d 184, 187 (Tex.Crim. App.1993); *Kinnamon v. State*, 791 S.W.2d at 91. In *Washington*, the Court of Criminal Appeals acknowledged its dicta from *Demouchette*, but commented that it had not previously been called on to address the extent of the State's right to discovery, if any. In that case, the trial court ordered the defendant to produce a tape recording his investigator made of a witness interview. The Court of Criminal Appeals held that the tape was protected work product, but chose not to address the broader issue of the State's right to discovery in criminal cases.

Nevertheless, the Legislature has acted recently with respect to the trial court's authority to order discovery of the defendant's witnesses. In 1999, the Legislature amended Article 39.14 to allow the trial court to grant either party discovery of the other party's expert witnesses.[2] *See* Tex. Code Crim.Proc.Ann. art. 39.14(b) (Vernon Supp.2000). The bill analysis to Senate Bill 577 reveals that it was intended to establish a limited exception to the general rule that the State cannot obtain discovery of the witnesses the defendant intends to call at trial. Senate Comm. on Criminal Justice, Bill Analysis, Tex.S.B. 557, 76th Leg., R.S. (1999). Thus, the 1999 amendment to Article 39.14 reflects the Legislature's understanding that the trial court generally cannot order discovery of the defendant's witnesses and its intent to provide the State with discovery in certain situations.

■ The State characterizes the trial court's order as an effort to provide an effective and fair voir dire, the conduct of which is within the trial court's discretion. In its motion, it stated that its reason for requesting discovery was so it could conduct an intelligent voir dire. It cannot be ignored, however, that discovery of the defendant's witnesses has ramifications beyond voir dire. Because at the time of trial the trial court had no explicit authority to order discovery of the defendant's witnesses, we find that the trial court abused its discretion in doing so.

■ The State contends that any error arising from the trial court's order constitutes non-constitutional harmless error under Tex.R.App.P. 44.2(b). Such error will require reversal if it affected Thornton's substantial rights. A substantial right is affected when the error had a substantial and injurious effect or influence on the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997). If, on the record as a whole, it appears the error did not influence the jury, or had but a slight effect, we must consider the error harmless and allow the conviction to stand. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App.1998).

Thornton makes no argument concerning the harmfulness of the trial court's error, and from the record we discern no injury to his substantial rights. The State's case relied on the testimony of the two complainants, both of whom testified that Thornton touched their genitals at different times on the same day. They also testified that they did not invite the touching and did not consider it a normal part of being in close proximity in a swimming pool.

Thornton called two witnesses, his wife, Portia Thornton, and his father, Richard Thornton. Portia testified that youngsters

2. The amendment had not taken effect when Thornton was tried.

regularly asked her husband to "pitch" them in the pool, that when she arrived at the pool that day he was "pitching" kids who asked to be "pitched," and that she did not detect any sexual intent on her husband's part in so acting. Richard Thornton testified that he visited his son from out of town that summer, that he went to the pool with his son and his family a few times, that he witnessed children asking his son to throw them in the pool, and that he saw nothing inappropriate.

Neither of Thornton's witnesses was present when Thornton allegedly touched the complainants. The State did not try to impeach the credibility of Thornton's witnesses on cross-examination, did not mention them during voir dire, and did not discuss their testimony in its closing argument. The jury chose to believe the complainant's testimony that Thornton had touched them without their consent. In addition, we note that the State made its motion for discovery on the same day the jury was selected, and one day before trial, which lessens any injury from the order. On the record before us, we hold that the error resulting from the trial court's discovery order did not injure Thornton's substantial rights.

The trial court's judgment is affirmed.

BEN Z. GRANT, Justice, concurring.

I concur with the majority opinion, but I would urge that this case not be read broadly to encompass all types of discovery against a criminal defendant. Our holding excludes constitutional considerations because the constitutional contentions were not addressed because of improper briefing.

The United States Constitution would prohibit some discovery from an accused, with or without a statute. For example, in a civil case, the question generally referred to a production of "any persons with knowledge of relevant facts...." [3] Such a question in a criminal case would violate the Fifth Amendment and differs from the United States Supreme Court case cited by the majority asking the defendant to disclose the names of witnesses he intends to call at trial to establish an alibi defense.

Where properly raised, the constitutional prohibition should be carefully reviewed to avoid errors of constitutional magnitude in permitting discovery of the defendant. When constitutional prohibitions are involved, the harm analysis on which the ruling in this case is based would not be applicable.

---

3. *See* William V. Dorsaneo, III, Texas Litigation Guide: Civil Trial Procedures § 95.100 (2000).