**In re the STATE of Texas ex rel. Sherry L. ROBINSON, Relator.**

**No. 14–02–00442–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 3, 2002.

---

Albert M. McCaig, Jr., Waller, for respondent.

Frederick A. Edwards, III, for relator.

Panel consists of Justices YATES, SEYMORE, and GUZMAN.

## OPINION

LESLIE BROCK YATES, Justice.

In this original proceeding, relator, the State of Texas, seeks a writ of mandamus ordering the respondent, the Honorable Fred E. Edwards, to vacate an order, signed February 18, 2002, requiring two child witnesses to undergo psychological examinations. The State requested an emergency stay of the February 18th order pending our disposition of this petition. On May 10, 2002, we issued an order staying the trial court's February 18th order. We now conditionally grant the writ.

The challenged order appoints Dr. Kit Harrison to examine the two child witnesses for the purpose of determining the following:

1. To deduce from each child witness information on each child witness' credibility;

2. To deduce from each child witness information on the reliability of each child witness in being able to recount the event or events alleged in the Indictments;

3. To form an opinion on whether or not each, or either, child victim was or was not fantasizing; whether or not each, or either, child victim was or was not the subject of manipulation; wheth-

er or not each, or either, child victim exhibits behaviors that point to being manipulated, or not; whether or not each, or either, child victim was coached, misinterpreted or could remember details; and, whether or not each, or either, child victim is or was subject to post traumatic stress disorder usual in child victim cases.

### Entitlement to Mandamus Relief

 Mandamus relief is available if the trial court abuses its discretion, either in resolving factual issues or in determining legal principles when there is no other adequate remedy by law. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). When alleging that a trial court abused its discretion in its resolution of factual issues, the party must show the trial court could reasonably have reached only one decision. *Id.* at 918. As to determination of legal principles, an abuse of discretion occurs if the trial court clearly fails to analyze or apply the law correctly. *See Walker*, 827 S.W.2d at 840.

 As a general rule, a writ of mandamus is not available to correct interlocutory orders that are "merely incidental to the normal trial process" because this type of error may be corrected on appeal. *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex.1980). However, a writ of mandamus will issue if the trial court "fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. In these instances the trial court's discretion is not invoked, and its

failure to comply with the mandatory provision renders its order or judgment void." *Id.* at 834. If the challenged order is void, the relator need not show that it lacks an adequate appellate remedy. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000). *See also Dunn v. Street*, 938 S.W.2d 33, 35 (Tex.1997) (holding a writ of mandamus will issue to compel a trial court to set aside a void order because signing a void order is necessarily an abuse of discretion for which the ordinary appellate remedy is inadequate).

If a court exceeds the scope of its authority in issuing an order, the courts have held such orders to be void and that mandamus relief is available. *See State ex rel. Hury v. Morgan*, 601 S.W.2d 717, 717 (Tex.Crim.App.1980)(en banc) (granting of shock probation held void and mandamus granted because order prohibited by statute); *State ex rel. Holmes v. Lanford*, 764 S.W.2d 593 (Tex.App.-Houston [14th Dist.] 1989, orig. proceeding) (mandamus granted and order held to be void *ab initio* as beyond court's authority under statute where trial court ordered complaining witness in sexual abuse case to submit to psychological exam).

### Did the trial court exceed its authority?

 The order in this case requires the doctor to determine credibility, reliability, and whether the child was fantasizing or was manipulated. The State claims this order is beyond the trial court's authority and was an abuse of discretion, citing to *State ex rel. Holmes v. Lanford*, 764 S.W.2d 593 (Tex.App.-Houston [14th Dist.] 1989, orig. proceeding) and *Broussard v. State*, 910 S.W.2d 952 (Tex.Crim.App. 1995).[1]

---

1. Real party in interest, Jeremy Collmorgen, tries to distinguish these cases with one sentence at the beginning of his response: "The State's position there [in those cases] assumed

Article 39.14 of the Code of Criminal Procedure sets out the scope of discovery in criminal cases.[2] Article 39.14 provides that, upon motion of the defendant showing good cause and upon notice to other parties, the court "may order the State before or during trial of a criminal action therein pending or on trial to produce and permit the inspection and copying or photographing by or on behalf of the defendant of any designated documents, papers, written statement of the defendant, (except written statements of witnesses and except the work product of counsel in the case and their investigators and their notes or report), books, accounts, letters, photographs, objects or tangible things not privileged, which constitute or contain evidence material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies." TEX.CODE CRIM. PROC. ANN. art. 39.14 (Vernon 1979). Addressing this statute, the Dallas Court of Appeals held that article 39.14 defines the parameters of criminal discovery and thus, an order requiring a victim of aggravated sexual assault to undergo a physical examination is beyond the scope of discovery authorized by statute. *State ex rel. Wade v. Stephens,* 724 S.W.2d 141, 144 (Tex.App.-Dallas 1987, orig. proceeding). Because the trial court's order in *Stephens* went beyond the scope of article 39.14, the Dallas court held the trial judge's order void. *Id.* at 145.

In *Lanford,* a panel of this court extended *Stephens* to an order requiring a sexual abuse complainant to submit to a psychological examination. This court not only agreed with the *Stephens* result, but also found the trial court had no authority to force a complaining witness to submit to such an invasion of her right to privacy. *Lanford,* 764 S.W.2d at 594. Additionally, this court found that a psychological examination was unnecessary for a determination of the witness' competency. *Id.* Thus, the *Lanford* court held that a trial court order requiring a complainant to undergo a psychological examination was beyond the scope of the authority vested in the trial court and was void *ab initio,* thereby entitling the relator to mandamus relief. *Id.*

Despite the apparent applicability of *Lanford* to the instant case, real party in interest, Collmorgen, attempts to distinguish the order in this case by pointing to the language requiring the State to cooperate with the parents of the child victims in scheduling and arranging for the exams. Collmorgen asserts that this language renders the order in this case distinguishable from situations where the State is ordered to submit the child victims for an exam. We disagree. While the statement in the order requiring the parents of the witnesses to cooperate in scheduling may impose a duty upon the parents, the overriding thrust of the order is to require the two complaining child witnesses to submit to psychological examination, which we find substantively indistinguishable from the void order in *Lanford.*

witness competency to be the only purpose of the requested evaluation." Although *Broussard* concerns only issues of competency, *Lanford* does not. In *Lanford,* the State sought mandamus relief after the trial judge ordered the complaining witness, a four-year-old child, to submit to a psychological examination. 764 S.W.2d at 593. The defense attorney had moved for the order, asserting that issues at trial might include the child's competency "and the possibility she had been un-

duly influenced ...." *Id.* Thus, *Lanford* did not only involve the question of competency.

2. In *Lanford,* this court mentioned, in dicta, that circumstances may arise under which a trial court could properly order discovery beyond that outlined in article 39.14. 764 S.W.2d at 594. Because this statement is inapplicable to the facts of this case, we need not address this statement.

Collmorgen further argues that the examinations ordered in this case are partially intended to protect the child witnesses from excessive psychological trauma. We are unpersuaded by this argument. Both Collmorgen's motion requesting the examinations and the trial court's order specify that the examinations are for the purpose of determining if the children are credible and reliable or whether the children were coached.

Collmorgen next analogizes this case to *Duckett v. State*, 797 S.W.2d 906 (Tex. Crim.App.1990) and *Schutz v. State*, 957 S.W.2d 52 (Tex.Crim.App.1997). Both of these cases are appeals concerning the admissibility of expert testimony in child sexual assault cases [3] and are distinguishable from this case.

Because we hold that the trial court's order of February 18, 2002, is void as beyond the trial court's scope of authority, we conditionally grant the writ. *See* Tex. R.App. P. 52.8(c). Nonetheless, we are confident the trial court will comply with the directive in this opinion. The writ will not issue unless Judge Edwards fails to vacate his order, signed February 18, 2002, requiring the complaining witnesses to undergo psychological examination by Dr. Kit Harrison. Having conditionally granted the petition for writ of mandamus, we withdraw our order of May 10, 2002, staying the February 18, 2002, order of the trial court.

---

**3.** *Duckett* was subsequently overruled, in part, by *Cohn v. State*, 849 S.W.2d 817 (Tex.Crim.App.1993)(disapproving of *Duckett* to the extent it can be read to find relevant expert testimony inadmissible unless it serves some rehabilitative function). *Schutz* held that Rule of Evidence 608(a) governs the scope of admissibility of evidence of truthful or untruthful character and that expert testimony relating to capacity must meet the proper tests for scientific reliability and reflect information outside the general knowledge of lay persons. 957 S.W.2d at 69–70.