

IN THE
TENTH COURT OF APPEALS

No. 10-14-00243-CV

IN THE MATTER OF W.E.J., A JUVENILE

From the County Court at Law
Navarro County, Texas
Trial Court No. C2114-JV

O P I N I O N

In two issues, appellant, W.E.J., asserts that the trial court violated his Sixth

Amendment right of confrontation when it denied his request for forensic interviews of

two child victims to be transcribed and then translated from Spanish to English. *See*

U.S. CONST. VI.  We affirm.

I.      BACKGROUND

On July 31, 2013, the State filed an original adjudication petition against

appellant, alleging that appellant had committed two acts of aggravated sexual assault

of a child against K.O. and two acts of indecency with a child against G.O.—both of

whom are appellant's nieces.  At the conclusion of the trial, the jury adjudicated

appellant on one count of aggravated sexual assault and two counts of indecency with a child. After receiving the jury's verdicts, the trial court determined that appellant was "in need of rehabilitation or the protection of the public or the child requires that disposition be made." Thereafter, the trial court conducted a disposition hearing. At the conclusion of the hearing, the trial court placed appellant on probation until his eighteenth birthday. Subsequently, appellant filed a motion for new trial, which was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal followed.

## II.    ANALYSIS

In both of his issues on appeal, appellant challenges the trial court's denial of his request for the forensic interviews of the child victims to be transcribed and translated from Spanish to English, arguing that the trial court's ruling violated his Sixth Amendment right to confront and cross-examine witnesses. *See* U.S. CONST. amend. VI. We disagree.

Article 39.15 of the Code of Criminal Procedure provides the procedure for the trial court to follow regarding a request for discovery of a child advocacy center's forensic interview to the defense. *See* TEX. CODE CRIM. PROC. ANN. art. 39.15 (West Supp. 2014). Specifically, article 39.15(c) provides the following: "A court shall deny any request by a defendant to copy, photograph, duplicate, or otherwise reproduce" a recording of the interview "provided that the state makes the property or material reasonably available to the defendant." *Id.* art. 39.15(c). A recording of the interview is "reasonably available to the defendant if, at a facility under the control of the state, the state provides ample opportunity for the inspection, viewing, and examination of the . .

. material by the defendant, the defendant's attorney, and any individual the defendant seeks to qualify to provide expert testimony at trial." *Id.* art. 39.15(d).

Here, the record shows that appellant's counsel viewed the video of the forensic interviews of K.O. and G.O. and that he used a translator to transcribe and translate the interviews of the child victims from Spanish to English. Nevertheless, appellant requested that the trial court allow for a translated transcription of the interviews to be played in front of the jury. The State responded that the granting of appellant's request would result in an unauthorized duplication of the interviews, which constitutes a violation of article 39.15(c). *See id.* art. 39.15(c). After a hearing, the trial court denied appellant's request.

Because article 39.15(c) requires the trial court to deny a request to duplicate or reproduce evidence depicting or describing sexual abuse against a child, and because we believe that appellant's request amounted to an unauthorized duplication of the interviews, we cannot say that the trial court abused its discretion in denying appellant's request to have the forensic interviews of the child victims translated and transcribed for the jury. *See id.*; *State v. Dittman (In re District Attorney's Office of the 25th Judicial Dist.)*, 358 S.W.3d 244, 246 (Tex. Crim. App. 2011) (holding that the discretion of the trial court in matters of discovery includes the discretion to exercise the statutory authority to order production of evidence for inspection and copying); *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010) (noting that we review the trial court's decision to admit or exclude evidence under an abuse-of-discretion standard); *see also In re Ligon*, No. 09-14-00262-CR, 2014 Tex. App. LEXIS 6916, at **2-4 (Tex. App.—

Beaumont June 26, 2014, orig. proceeding) (mem. op., not designated for publication) (stating that article 39.15 of the Code of Criminal Procedure is well-settled law and that it "is a mandatory statute that requires the trial court to deny the defendant's request to reproduce a child advocacy center's forensic interview of a child victim").

In any event, appellant appears to argue that such a construction of article 39.15 violates his Sixth Amendment right to confront and cross-examine witnesses. In support of this contention, appellant relies heavily on the United States Supreme Court's decision in *Davis v. Alaska*, 415 U.S. 308, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974), and the Court of Criminal Appeals' decision in *Coronado v. State*, 351 S.W.3d 315 (Tex. Crim. App. 2011). We do not find either case to be persuasive in this matter.

The *Davis* case involved a decision by the trial court that prevented the defendant from cross-examining a juvenile witness about his adjudication for burglary and his probationary status. 415 U.S. at 310-12, 94 S. Ct. at 1107-08. The *Davis* court stated that the rights to confront and impeach a witness guaranteed by the Sixth Amendment supersede the right of a witness to testify free from embarrassment and with an unblemished reputation. *Id.* at 320, 94 S. Ct. at 1112. More specifically, the *Davis* court held that: "The State's policy interest in protecting the confidentiality of a juvenile offender's record cannot require yielding of so vital a constitutional right as the effective cross-examination for bias of an adverse witness." *Id.* at 320, 94 S. Ct. at 1112.

Here, the record demonstrates that appellant's counsel viewed the video of the forensic interviews and used his own translator to transcribe and translate word for word the interviews of the child victims from Spanish to English. Additionally,

appellant vigorously cross-examined the child victims, G.O. and K.O., and the forensic interviewer, Yesenia Gonzalez. The record reflects that appellant impeached and cross-examined all of the witnesses regarding inconsistencies and potential biases and motives. In fact, appellant's counsel also questioned Gonzalez's interpretation of the Spanish interviews by comparing her testimony to that of appellant's translation of the interviews. It is not the case that appellant was prevented from confronting or cross-examining any of the aforementioned witnesses about topics that appellant deemed relevant.

Given this evidence, we find that the fact scenario in the instant case is substantially different from that of *Davis*. Accordingly, we cannot say that the record demonstrates that the trial court's denial of appellant's motion to translate and transcribe the videotaped forensic interviews of the child victims damaged appellant's right to confront and cross-examine witnesses to the degree shown in *Davis*.

Appellant also relies on the *Coronado* decision. *See* 351 S.W.3d at 315. In *Coronado*, the child victim did not testify, and pursuant to section 2 of article 38.071, written interrogatories were used in lieu of the child's live testimony.[1] *Id.* at 318-19; *see* TEX. CODE CRIM. PROC. ANN. art. 38.071, § 2 (West Supp. 2014). The Court of Criminal Appeals held that the procedure authorized by section 2 of article 38.071 violated a defendant's right to confront witnesses and, thus, was unconstitutional. *Coronado*, 351

---

[1] Prior to the *Coronado* decision, parties typically provided written interrogatories to a neutral interviewer who would then ask the questions in a recorded interview of the child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.071, § 2 (West Supp. 2014); *see generally Coronado v. State*, 351 S.W.3d 315 (Tex. Crim. App. 2011).

S.W.3d at 316. Such is not the case here. As noted earlier, both of the child victims testified, and there is testimony recounting specific instances of sexual abuse allegedly perpetrated by appellant against the child victims. The written-interrogatory procedure used in *Coronado* was not used in the instant case. Furthermore, the record indicates that appellant's attorney viewed the video of the forensic interviews and was allowed to have his own translator watch the video and provide a translation of the interviews. Given this evidence, we are not persuaded by appellant's reliance on *Coronado*.

Ultimately, appellant has not directed us to any relevant authority holding that the procedures prescribed in article 39.15 of the Code of Criminal Procedure are unconstitutional. Instead, appellant supports his contention that article 39.15 deprives him of his Sixth Amendment right to confront and cross-examine witnesses by analogizing the circumstances in both *Davis* and *Coronado*. *See* 415 U.S. at 308, 94 S. Ct. at 1105; *see also* 351 S.W.3d at 315. And as stated above, we do not find either case to be persuasive in this matter. As such, we cannot say that appellant has adequately demonstrated that his Sixth Amendment rights were violated in this case. We overrule appellant's issues on appeal.

### III.  CONCLUSION

Having overruled both of appellant's issues on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed April 23, 2015
[CV06]

