**CONDITIONALLY GRANT and Opinion Filed December 17, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01333-CV

## IN RE BRUCE BISHOP, ASHLEY HUTCHESON, DALLAS COUNTY REPUBLICAN PARTY, AND MISSY SHOREY, Relators

**Original Proceeding from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-14298**

## OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Bridges

In this original proceeding, relators seek a writ of mandamus directing the trial court to vacate the default judgment declaring Ashley Hutcheson, candidate for JP 2-1, ineligible for the office because she is purportedly not a resident of District JP 2-1 and order that the trial court's jurisdiction over the matter is moot due to the election schedule. For the reasons that follow, we conclude the default judgment is void and conditionally grant the petition.

The underlying lawsuit originated when Margaret O'Brien, candidate for JP 2-1, filed her original petition challenging Hutcheson's candidacy eligibility because of her alleged failure to reside in District JP 2-1. O'Brien sought a declaratory judgment and injunctive relief. After Hutcheson failed to answer the petition, O'Brien filed a motion for default judgment and asked the trial court to enter a declaratory judgment pursuant to her original petition.

The trial court granted the no-answer default judgment. The judgment stated Hutcheson's candidacy violated the election code because she did not reside in JP 2-1. The judgment further provided she was ineligible for the office and could not be sworn into office. The trial court awarded $4,500 in attorney's fees and $5,000 in appellate attorney's fees for any unsuccessful post-judgment motion or appeal to this Court. This original proceeding followed.

Mandamus relief is appropriate "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by appeal." *Republican Party of Tex. v. Dietz*, 940 S.W.2d 86, 88 (Tex. 1997) (orig. proceeding); *In re Meyer*, No. 05-16-00063-CV, 2016 WL 375033, at *2 (Tex. App.—Dallas Feb. 1, 2016, orig. proceeding) (mem. op.).

To obtain relief by writ of mandamus, a relator must establish a clear abuse of discretion or that an underlying order is void and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Under this standard of review, we defer to the trial court's factual determinations that are supported by evidence, but we review the trial court's legal determinations de novo. *See In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable, or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). A trial court abuses its discretion when it fails to analyze or apply the law correctly to the facts. *In re Nationwide*, 494 S.W.3d at 712; *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding). The relator must establish that the trial court could have reasonably reached only one conclusion. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 303.

Mandamus will lie when a district court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *State Bar of Tex. v. Heard*, 603 S.W.2d 829,

834 (Tex. 1980); *In re State ex rel. Robinson*, 116 S.W.3d 115, 117 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding) (noting when a court exceeds the scope of its authority, such orders are void and mandamus relief is available). In these instances, a trial court's discretion is not invoked, and its failure to comply with the mandatory provisions renders its order or judgment void. *Id.* If the order being challenged in a mandamus proceeding is void, the relator need not show that he or she has no adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re Office of Attorney Gen. of Tex.*, 264 S.W.3d 800, 805 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding).

The Texas Election Code confers jurisdiction on this Court to "issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election." TEX. ELEC. CODE ANN. § 273.061; *see also In re Williams*, 470 S.W.3d 819, 821 (Tex. 2015).

Section 221.004 of the election code provides, "[a] default judgment may not be rendered in an election contest." TEX. ELEC. CODE ANN. § 221.004. An election contest includes any type of suit in which the validity of an election or any part of the elective process is made the subject matter of the litigation. *Rossano v. Townsend*, 9 S.W.3d 357, 362 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Included in this elective process is the ability to challenge the ineligibility of a candidate before the election. *See, e.g.*, *Dickson v. Strickland*, 265 S.W. 1012, 1018 (Tex. 1924) ("In determining what a 'contested election' is, we must bear in mind that an election in this state is not a single event, but a process, and that the entire process is subject to contest.").

By granting a default judgment, the trial court failed to comply with the mandatory statutory provision prohibiting a default judgment in an election contest. *In re Nationwide*, 494 S.W.3d at 712 (abuse of discretion when trial court's ruling made without regard for guiding legal principles). Accordingly, the trial court abused its discretion by signing a default judgment in

direct contradiction of the Texas Election Code.  Under these circumstances, the order is void, and relator need not show there is no adequate remedy by appeal.  *See In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *see In re Garza*, 126 S.W.3d 268, 271 (Tex. App.—San Antonio 2003, orig. proceeding) ("A void order has no force or effect and confers no rights; it is a mere nullity.").

We acknowledge that Hutcheson lost the election, so arguably, the issue is moot.  However, the default judgment awarded attorney's fees.   Any award of attorney's fees based upon a void order must also be void.  *See In re McCray*, No. 05-13-01195-CV, 2013 WL 5969581, at *2 (Tex. App.—Dallas Nov. 7, 2013, orig. proceeding) (mem. op.).  Should the judgment stand, O'Brien would be allowed to collect fees from a void judgment.

Accordingly, without hearing oral argument, we conditionally grant the petition and direct the trial court to issue a written order vacating its October 26, 2018 default judgment.  The writ will issue only if the trial court fails to comply.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

181333F.P05