**Petition for Writ of Mandamus Dismissed, Amended Petition for Writ of Mandamus Conditionally Granted, and Memorandum Opinion filed May 27, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00793-CR

## IN RE THE STATE OF TEXAS EX REL. KIM OGG, HARRIS COUNTY DISTRICT ATTORNEY, Relator

### ORIGINAL PROCEEDING
### WRIT OF MANDAMUS
### County Criminal Court at Law No. 8
### Harris County, Texas
### Trial Court Cause No. 2232126

## MEMORANDUM OPINION

Relator the State of Texas ex rel. Kim Ogg, Harris County District Attorney, filed a petition for writ of mandamus in this court on November 24, 2020, and an amended petition for writ of mandamus on March 15, 2021. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. We dismiss the November 24, 2020 petition and conditionally grant the March 15, 2021 amended petition.

## November 24, 2020 Petition

In the November 24, 2020 petition for writ of mandamus, the State asks this court to compel the Honorable Franklin Bynum, presiding judge of County Criminal Court at Law No. 8 of Harris County, to vacate his October 28, 2020 order setting the underlying case for a nonjury trial without the State's consent. Relying on the Texas Supreme Court's Emergency Orders Regarding the COVID-19 State of Disaster (the "Emergency Orders"), the trial court set a bench trial for December 1, 2020 over the State's objection. On December 2, 2020, the trial court held the bench trial and entered a judgment of acquittal. The State's request for relief in its November 24, 2020 petition is now moot. We do not have jurisdiction to address relator's request for relief and accordingly dismiss the State's November 24, 2020 petition for writ of mandamus.

## March 15, 2021 Amended Petition

In the March 15, 2021 amended petition for writ of mandamus, the State asks this court to compel Judge Bynum to vacate the December 2, 2020 judgment of acquittal entered after he conducted a nonjury trial without the State's consent.[1] After the December 2, 2020 bench trial, the State filed the amended petition, asserting that the trial court had no jurisdiction to hold the bench trial without the States's consent and, therefore, the judgment of acquittal is void.

To be entitled to mandamus relief, a relator must show (1) that it has no other adequate legal remedy; and (2) the act sought to be compelled is purely ministerial.

---

[1] The court requested a response to the March 15, 2021 amended petition from real party in interest. *See* Tex. R. App. P. 52.4. However, no response was filed.

2

*In re Yeager*, 601 S.W.3d 356, 358 (Tex. Crim. App. 2020) (orig. proceeding). A ministerial act does not involve the use of judicial discretion; instead, a ministerial act must be positively commanded and so plainly prescribed under the law as to be free from doubt. *In re Harris*, 491 S.W.3d 332, 334–35 (Tex. Crim. App. 2016) (orig. proceeding). Mandamus is appropriate if the trial court acts beyond its statutory authority. *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) (orig. proceeding); *see also State ex rel. Hury v. Morgan*, 601 S.W.2d 717, 718 (Tex. Crim. App. 1980) (orig. proceeding) (granting mandamus relief because trial court was without authority to enter order and therefore it was void).

> Article 1.13(a) provides:
>
> The defendant in a criminal prosecution for any offense other than a capital felony case in which the state notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that . . . ***the waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the state***.

Tex. Code Crim. Proc. art. 1.13(a) (emphasis added). Thus, a trial court does not have the discretion to serve as a factfinder in a trial absent the consent and approval of the State to the accused's waiver of a jury trial. *State ex rel. Curry v. Carr*, 847 S.W.2d 561, 562 (Tex. Crim. App. 1992) (orig. proceeding); *see also State ex rel. Mau v. Third Court of Appeals*, 560 S.W.3d 640, 646 (Tex. Crim. App. 2018) (orig. proceeding) ("Absent consent of the State as prescribed by Article 1.13 of the Code of Criminal Procedure, the trial court had no discretion to resolve the issue of [the defendant's] guilt in any manner but by a jury trial.").

The Texas Court of Criminal Appeals recently addressed whether the Emergency Orders give the trial court authority to act as the factfinder when the State has not consented to the waiver of a jury trial. *See In re State ex rel. Ogg*, 618 S.W.3d 361 (Tex. Crim. App. 2021). The court held that the Emergency Orders did not confer authority on the trial court to conduct a bench trial without the State's consent and it was clear and indisputable that the State was entitled to relief. *Id.* at 366. Similarly, because the trial court had no authority to conduct the bench trial without the State's consent, the State has a clear and indisputable right to relief.

When the subject order is void, the relator need not show that it does not have an adequate remedy at law, and mandamus relief is appropriate. *In re Keeling*, 227 S.W.3d 391, 395 (Tex. App.—Waco 2007, orig. proceeding). Without authority to act as the factfinder, the trial court has no authority to enter a judgment of acquittal. *Ex parte George*, 913 S.W.2d 523, 526 (Tex. Crim. App. 1995). Here, because the trial court's judgment of acquittal is void, it is not necessary for the State to demonstrate that it does not have another adequate legal remedy.

We conclude that the State has shown that it is entitled to mandamus relief. Accordingly, we grant the State's March 15, 2021 amended petition for writ of mandamus and order the trial court to vacate its December 2, 2020 judgment of acquittal. The writ will issue only if the trial court fails to act in accordance with this opinion.

PER CURIAM

Panel consists of Justices Jewell, Poissant, and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).