

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00030-CR

_____

DOUGLAS GENE MCCLOURE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28274

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Douglas Gene McCloure was convicted by a jury of aggravated sexual assault of a child, for which he was sentenced to fifty-five years' imprisonment, and indecency with a child, for which he was sentenced to twenty years' imprisonment. On appeal, McCloure argues that the trial court's limitation of his counsel's questioning and denial of an offer of proof prevents this Court from addressing the issue of whether the victim's mother (Mother) was a proper outcry witness under Article 38.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (Supp.). McCloure also argues that the trial court should have allowed him to have a transcript of the victim's Children's Advocacy Center (CAC) interview.

We conclude that the trial court's limitations during the Article 38.072 hearing were not an abuse of discretion and that McCloure's briefing does not challenge the trial court's conclusion that Mother was the proper outcry witness. We also find that the trial court did not abuse its discretion by denying McCloure's request for a transcript of the CAC interview. As a result, we affirm the trial court's judgment.

## I.    The Trial Court's Limitations at the Article 38.072 Hearing Were Not an Abuse of Discretion

"Hearsay is not admissible at trial except as provided by statute or by the Texas Rules of Evidence." *Allen v. State*, 436 S.W.3d 815, 820 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Long v. State*, 800 S.W.2d 545, 547 (Tex. Crim. App. 1990) (per curiam)). However, there is "an exception to the hearsay rule, applicable in prosecutions of sexual offenses, for statements describing the offense made by a child victim 'to the first person, 18 years of age or older, other than the defendant, to whom the child . . . made a statement about the offense.'" *Id.* (quoting

2

TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(3)). Prior to trial, the State filed a notice of its intention to use the victim's hearsay statement in accordance with Article 38.072 of the Texas Code of Criminal Procedure and designated Mother as the outcry witness.

"To be admissible under Article 38.072, outcry testimony must be elicited from the first adult to whom the outcry is made." *Id.* at 821 (citing *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011); *Broderick v. State*, 35 S.W.3d 67, 73 (Tex. App.—Texarkana 2000, pet. ref'd)). "To be a proper outcry statement, the child's statement to the witness must describe the alleged offense, or an element of the offense, in some discernible manner and must be more than a general allusion to sexual abuse." *Id.* (citing *Lopez*, 343 S.W.3d at 140; *Broderick*, 35 S.W.3d at 73; *Thomas v. State*, 1 S.W.3d 138, 140–41 (Tex. App.—Texarkana 1999, pet. ref'd)).

At the Article 38.072 hearing, Mother testified that Dallas,[1] the child victim, told her that McCloure "put his hands on [Dallas], had touched him . . . [on] his genitals," "had put his mouth on [Dallas's] genitals," and had "fondled himself while watching porn in front of [Dallas]." Mother testified that Dallas was scared during the conversation. According to Mother, Dallas described where and when the incidents occurred and said that he was touched "more than five, maybe less than ten" times.

During cross-examination, Mother admitted that she was a drug user when she first met McCloure in 2004 and that she last used drugs in 2007. When McCloure's counsel asked if Child Protective Services (CPS) had "initiated an investigation because they found methamphetamine in [Dallas's] system and [Mother's] system," the State objected on the ground

---

[1]We use pseudonyms for the child victim and his mother to protect the identity of the child. *See* TEX. R. APP. P. 9.10.

3

of relevance. After McCloure's counsel argued that he intended to attack Mother's credibility, the trial court sustained the State's objection and disallowed counsel's proposed offer of proof. The trial court made similar rulings when counsel tried to ask Mother if Dallas was removed from her care for six months by CPS. McCloure argues that the trial court erred by limiting his cross-examination and denying his offer of proof. We disagree.

"Trial courts have great discretion in how they manage their Article 38.072 hearings." *Sanchez v. State*, 354 S.W.3d 476, 488 (Tex. Crim. App. 2011). While "[e]very hearing outside the presence of the jury [is] limited in scope, . . . the focus of an Article 38.072 hearing is exceptionally narrow." *Id.* at 487. Article 38.072 "charge[s] the trial court with determining the reliability based on 'the time, content, and circumstances of the statement'; it does not charge the trial court with determining the reliability of the statement based on the credibility of the outcry witness." *Id.* at 487–88 (quoting TEX. CODE CRIM. PROC. ANN. art. 38.072(2)(b)(2)). Simply put, "the narrow range of discretion that Article 38.072 allows a trial court means that the credibility of the outcry witness is not a relevant issue at a hearing to determine admissibility of an outcry." *Id.* at 488.

Based on *Sanchez*, we conclude that the trial court did not abuse its discretion when it disallowed as irrelevant McCloure's line of questioning about Mother's credibility. *See id.* at 488 ("The trial court would be within its discretion at an Article 38.072 hearing to disallow as irrelevant a line of questioning that addressed the biases or memory of the outcry *witness* but not the time, content, and circumstances of the *outcry*."). We also overrule McCloure's complaint that the trial court's limitation would prevent us from reviewing whether Mother was the proper

4

outcry witness because the evidence he sought to elicit was irrelevant to the Article 38.072 analysis. *See id.*

Next, McCloure complains of the trial court's ruling that prevented him from asking Mother the same question that he had received a response to several times. At multiple points during her testimony, Mother said Dallas had been using his phone to look at pornography. Even though the answer was evident from Mother's prior testimony, counsel again asked if Dallas had been looking at pornography. The State objected that the question had been "asked and answered," and Mother stated that counsel had "already asked [her] this four times." When counsel claimed that he was unclear about Mother's testimony, the trial court said, "Then you should've listened earlier . . . it has now been asked three times." Counsel's request to make an offer of proof by requiring Mother to answer was denied.

The trial court has "discretion to terminate repetitive questions." *Love v. State*, 861 S.W.2d 899, 904 n.9 (Tex. Crim. App. 1993). McCloure argues that the trial court's prevention of his repetitive questioning of Mother does not allow us to fully evaluate whether Mother was a proper outcry witness because "we cannot know what the witness's answer would have been." We overrule this argument since we know what the testimony would have been; it was plain from Mother's prior testimony that Dallas had been looking at pornography.[2]

---

[2]Moreover, "a trial court's decision to admit an outcry statement" is reviewed for "an abuse of discretion," but McCloure's brief does not argue that the trial court abused its discretion in concluding that Mother was the proper outcry witness or advance any theory that there was another outcry witness. *Allen*, 436 S.W.3d at 820–21 (citing *Owens v. State*, 381 S.W.3d 696, 703 (Tex. App.—Texarkana 2012, no pet.) (citing *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000)); *see* Tex. R. App. P. 38.1(i). It merely contends, incorrectly, that the trial court's ruling would prevent us from reviewing the issue.

Because we determine that the trial court did not err by limiting McCloure's line of questioning during the Article 38.072 hearing or by denying his offers of proof, we overrule McCloure's first point of error.

## II. The Trial Court Did Not Abuse Its Discretion by Denying McCloure's Request for a Transcript of the CAC Interview

McCloure filed a request for a transcription of Dallas's CAC interview, which the trial court denied by written order. On appeal, McCloure argues that he was entitled to receive a transcript of the CAC interview "as reasonable access" under Section 39.15 of the Texas Code of Criminal Procedure. We disagree.

"[W]e review a trial court's rulings regarding pretrial discovery for an abuse of discretion." *Branum v. State*, 535 S.W.3d 217, 224 (Tex. App.—Fort Worth 2017, no pet.); *see Thornton v. State*, 37 S.W.3d 490, 492 (Tex. App.—Texarkana 2000, pet. ref'd); *Nielsen v. State*, 836 S.W.2d 245, 250 (Tex. App.—Texarkana 1992, pet. ref'd). "We determine whether the court acted without reference to any guiding rules or principles so that its actions were arbitrary and unreasonable." *Thornton*, 37 S.W.3d at 492.

After a defendant's timely request, Article 39.14 of the Texas Code of Criminal Procedure requires the State to produce and permit inspection and copying of a witness's recorded statement, "[s]ubject to restrictions provided by Section 264.408" of the Texas Family Code. TEX. CODE CRIM. PROC. ANN. art. 39.14(a) (Supp.). Section 264.408 of the Texas Family Code, which applies to CAC interviews, states that, while a recorded CAC interview "is subject to production under Article 39.14, Code of Criminal Procedure,"

6

> [a] court shall deny any request by a defendant to copy, photograph, duplicate, or otherwise reproduce an electronic recording of an interview described by Subsection (d), provided that the prosecuting attorney makes the electronic recording reasonably available to the defendant in the same manner as property or material may be made available to defendants, attorneys, and expert witnesses under Article 39.15(d), Code of Criminal Procedure.

TEX. FAM. CODE ANN. § 264.408(d-1) (Supp.); *see In re Fulgium*, 150 S.W.3d 252, 255 (Tex. App.—Texarkana 2004, orig. proceeding) (finding that Section 264.408 of the Texas Family Code "applies to Child Advocacy Centers"). Under Article 39.15(d), "property or material is considered to be reasonably available to the defendant if, at a facility under the control of the state, the state provides ample opportunity for the inspection, viewing, and examination of the property or material" by the defendant, his attorney, or any person the defendant seeks to qualify as an expert at trial. TEX. CODE CRIM. PROC. ANN. art. 39.15(d). As a result, several courts, while "considering reasonable availability in the light of the Sixth Amendment, have consistently held that making available forensic interviews for defense counsel constitutes making the records reasonably available." *Gonzalez v. State*, 522 S.W.3d 48, 59 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *see In re W.E.J.*, 494 S.W.3d 178, 179 (Tex. App.—Waco 2015, pet. denied) ("[W]e cannot say that the trial court abused its discretion in denying appellant's request to have the forensic interviews of the child victims translated and transcribed for the jury.").[3]

---

[3]McCloure's brief includes a citation to two unpublished opinions. The first is *In re Ligon*, No. 09-14-00262-CR, 2014 WL 2902324, at \*1 (Tex. App.—Beaumont June 26, 2014, orig. proceeding) (per curiam) (mem. op., not designated for publication), which granted the State's petition for a writ of mandamus after finding that the trial court abused its discretion by allowing a transcript of a CAC interview despite Article 39.15(d)'s prohibition because "a reporter's record of a visually recorded interview would be a reproduction of the audio portion of the original" and Article 39.15 "contain[ed] no provision for examination of the material by a court reporter." *Id.* The second unpublished opinion cited by McCloure is *In re State ex rel. Tharp*, No. WR-86,409-01, 2017 WL 4160990, at \*4 (Tex. Crim. App. Sept. 20, 2017) (not designated for publication), marked as "Do Not Publish," in which the Texas Court of Criminal Appeals denied the State's petition for a writ of mandamus after a trial court ordered a transcription of a CAC interview because the State failed to demonstrate that the order was not within the

Because the record here affirmatively demonstrates that the State provided the defense with ample opportunity to view the CAC interview and that both McCloure and his counsel watched the CAC interview on May 24, 2019, McCloure had reasonable access to the CAC interview as contemplated by Section 39.15 of the Texas Code of Criminal Procedure. Consequently, we cannot say that the trial court's denial of McCloure's request to transcribe the audio portion of the recording was an abuse of discretion. We overrule McCloure's last point of error.

## III. Conclusion

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     December 6, 2021
Date Decided:       December 16, 2021

Do Not Publish

---

"discretion of the trial court in matters of discovery." *Id.* McCloure urges this Court to "build upon the Court of Criminal Appeal's [unpublished] opinion" in determining the question of reasonable access under Section 39.15. We decline to do so. As for appellate court opinions in criminal cases, like *Ligon*, "[o]pinions and memorandum opinions not designated for publication by the court of appeals under these or prior rules have no precedential value *but may be cited with the notation*, '(not designated for publication).'" TEX. R. APP. P. 47.7(a) (Emphasis added). Even though such cases "have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)). Conversely, with respect to the Texas Court of Criminal Appeals, "[u]npublished opinions have no precedential value and must not be cited as authority by counsel or by a court." TEX. R. APP. P. 77.3.